RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

JEREMY N. HENDON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-353-2466 (v)
202-307-0054 (f)
Jeremy.Hendon@usdoj.gov
Western.TaxCivil@usdoj.gov

MICHAEL BAILEY
United States Attorney
*Of Counsel*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) Case No. |
| v. | ) **Complaint to Reduce Civil Penalty Assessments to Judgment** |
| Stephen M. Kerr, | ) |
| Defendant. | ) |

Plaintiff, the United States of America ("United States"), brings this action to collect unpaid federal penalty assessments and interest as provided by law, and to reduce those assessments to judgment.  Additionally, the United States intends to proceed under the Federal Debt Collection Practices Act (28 U.S.C. § 3001 et seq.) to collect any judgment it obtains in this case, including the use of all appropriate pre-judgment remedies, post-judgment remedies, and the additional surcharge as authorized by 28

Complaint to Reduce Civil Penalties to Judgment
(Case No.            )                                1                    **U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-2466

U.S.C. § 3011. In support of this action, the United States complains and alleges as follows:

## INTRODUCTION

1. This is a timely civil action brought by the United States to collect the outstanding unpaid civil penalty assessments (31 U.S.C. § 5321(a)(5)), commonly known as FBAR penalties, made against defendant Stephen M. Kerr for his failure to report his interest in foreign bank accounts, as required by 31 U.S.C. § 5314 and the implementing regulations promulgated thereunder.

2. This action is brought with the authorization of the Secretary of the Treasury (*see* 31 U.S.C. § 3711(g)(4)(C)) and at the direction of the Attorney General of the United States.

## DEFENDANT

3. Defendant Stephen M. Kerr ("Defendant") is a United States citizen, who currently resides in Phoenix, Arizona.

4. Jurisdiction over this action is conferred upon this district court by 28 U.S.C. §§ 1331, 1345 and 1355.

5. Venue properly lies in the District of Arizona under 28 U.S.C. § 1391(b)(1) because Defendant resides within the judicial district. Further, venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

Complaint to Reduce Civil Penalties to Judgment
(Case No.           )

2

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-2466

# FOREIGN BANK OR OTHER FINANCIAL ACCOUNTS

6.  31 U.S.C. § 5314 authorizes the Secretary of the Treasury to require United States persons to report certain transactions with foreign financial agencies. Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or signature authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the Internal Revenue Service ("IRS") for each year in which such relationship exists. 31 C.F.R. § 1010.350(a).

7.  To fulfill this requirement, a person must file a Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." For the calendar years at issue, an FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).

8.  31 U.S.C. § 5321(a)(5) provides for the imposition of civil penalties for failure to comply with the reporting requirements of 31 U.S.C. § 5314.

9.  Defendant had a financial interest in four foreign bank accounts at Union Bank of Switzerland AG ("UBS") and a financial interest in one foreign bank account at Pictet & Cie ("Pictet") in Switzerland during at least years 2007 and 2008.

10. For each of the years 2007 and 2008, the amount in the UBS accounts and the Pictet account exceeded $10,000 in U.S. currency at any time during each year.

11. Defendant was required by law to file FBARs reporting his financial interest in each of the UBS accounts and the Pictet account for the years 2007 and 2008, as well as any other year that satisfied the FBAR reporting requirements.

Complaint to Reduce Civil Penalties to Judgment
(Case No.          )

3

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-2466

12. Defendant did not file FBARs that disclosed the UBS accounts or the Pictet account for the years 2007 and 2008.

*Willful Failure to File FBARs*

13. Defendant is a United States citizen. Defendant attended college at the University of Colorado.

14. Defendant owned and operated a number of businesses including CCN Worldwide, Inc., a venture capital firm that provided financial capital to start-up companies, and also provided services for businesses seeking to become publicly-traded corporations through the use of mergers and acquisitions.

15. Between 2004 and at least 2007, Defendant and his business partner obtained control of numerous shares of domestic corporations they had assisted in going public.

16. In 2006, Defendant and his business partner engaged attorney Christopher M. Rusch ("Rusch") to find ways to minimize their United States federal tax liabilities. Rusch recommended setting up an active business in Switzerland to raise funds from non-U.S. investors and then investing those funds in various U.S. businesses to which Defendant and his business partner were providing services. Rusch informed Defendant that in order to obtain the benefit of limiting his domestic income tax liability from such activity, however, Defendant would have to give up control over the entities and bank accounts in Switzerland.

17. Defendant did not want to give up control over the foreign entities and bank accounts. Rusch then recommended using nominee directors in Switzerland that could be

Complaint to Reduce Civil Penalties to Judgment
(Case No.            )                    4                    **U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-2466

controlled. Rusch also recommended the manner in which the nominee corporations and accounts could be established.

18. Defendant agreed to the use of nominee directors that could be controlled. Defendant also agreed to the use of nominee corporations and nominee individuals who could be record title owners of the foreign accounts over which he would have all of the financial interest.

19. Even with the use of the nominee directors and corporations, Rusch advised Defendant about reporting income from the newly-created Swiss investment company on Defendant's United States federal income tax returns and that income derived from the Swiss companies would be reported in the United States.

20. Rusch also advised Defendant that if Defendant has signing authority or control over a foreign bank account, then Defendant would have FBAR reporting obligations in the United States.

21. Beginning in October 2006, Rusch and Defendant began forming foreign nominee corporations and opening Swiss bank accounts in the name of the foreign nominee corporations, but for the total benefit of Defendant.

22. Defendant opened an account at UBS in October 2006, account number ending 9734, in the name of Red Rock Investment, AG, for the benefit of Defendant. Werner Stoffel, a Swiss citizen, was named as Director of Red Rock Investment, AG. Defendant was the beneficial owner of this account. It appears that this account was closed in 2007.

Complaint to Reduce Civil Penalties to Judgment
(Case No.           )

5

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-2466

23. Defendant opened another account at UBS in October 2006, account number ending 5796, in the name of Swiss Fidelity Investments, AG, for the benefit of Defendant. Mirjam Klingler, a Swiss citizen, was named as Director of Swiss Fidelity Investments, AG. Defendant was a beneficial owner of this account. The account instructions specified that account correspondence was to be sent to another nominee entity called Nevastar Finance, SA, in Switzerland.

24. Defendant opened another account at UBS in January 2007, account number ending 9962, in the name of Red Rock Investment, AG, for the benefit of Defendant. Werner Stoffel, a Swiss citizen, was named as Director of Red Rock Investment, AG, and a power of attorney for this account. Defendant was the beneficial owner of this account. This account was funded by bearer shares delivered to UBS from First Caribbean in Nassau, Bahamas.

25. Defendant opened another account at UBS in November 2007, account number ending 8593, in the name of Cyril Capital, LLC, for the benefit of Defendant. Jerome Perucchi, a Swiss citizen, was named as Director of Cyril Capital, LLC. However, the "Profile for Clients" for this account stated that the beneficial owner "owns 100% of the LLC." Defendant was the beneficial owner of this account (and the LLC). The account instructions specified that account correspondence was to be sent to another nominee entity Nevastar Finance, SA, in Switzerland. Nevastar Finance, SA, was also noted as the power of attorney. This account was funded by bearer shares delivered to UBS from Scottsdale Bank in Arizona.

Complaint to Reduce Civil Penalties to Judgment
(Case No.            )

6

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-2466

26. Defendant opened another foreign account in Switzerland in May 2007 at Pictet, account number ending 1531, in the name of Red Rock Investment, AG, for the benefit of Defendant.  Werner Stoffel, a Swiss citizen, was named as Director of Red Rock Investment, AG.  Defendant was the beneficial owner of this account.  The account instructions specified that account correspondence was to be kept by Pictet for only one year.

27. With respect to at least some of the funds in the foreign bank accounts described in paragraphs 22-26, above, UBS and/or Pictet was instructed to ultimately transfer such funds to Rusch's attorney trust account in the United States.  Rusch then transferred the funds to accounts for the benefit of Defendant.

28. Ultimately, neither Defendant nor his business partner took any effort to find investors, set up a business office, hire employees, or even conduct any business activity for their purported active Swiss business as described in paragraph 16, above.

29. Defendant's Swiss entity was used just to hold personal stock and personal funds out of the reach of the United States government.

30. Defendant began using the services of Jane Hemminger, CPA, in the 1990s. In 2004 or 2005, Ms. Hemminger began preparing Defendant's and his wife's U.S. Individual Income Tax Return (Form 1040) and did so continuously through at least the 2009 tax year.

31. Ms. Hemminger relied on the information provided by Defendant in order to prepare Defendant's and his wife's Forms 1040.

Complaint to Reduce Civil Penalties to Judgment
(Case No.           )

7

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-2466

32. With respect to Defendant's and Defendant's wife's 2007 Form 1040, Ms. Hemminger provided Defendant and his wife with a tax questionnaire asking them about their income and accounts, including whether they owned or had a financial or other beneficial interest in any foreign bank accounts. Although Defendant and his wife signed the tax questionnaire, they did not complete the form and did not answer the questions about foreign bank accounts. Defendant did not otherwise disclose to Ms. Hemminger the existence of any of his foreign bank accounts and she was not otherwise aware of them. Defendant also did not disclose to Ms. Hemminger any sale of stock from a Swiss bank or interest income from Swiss accounts. No interest income from any foreign account nor any income from the sale of stock was reported on Defendant's and his wife's 2007 or 2008 Forms 1040. Defendant also never inquired of Ms. Hemminger regarding any possible tax consequences of owning foreign accounts.

33. On his Schedule B, Interest and Ordinary Dividends to Form 1040 for both 2007 and 2008, Defendant checked the box "no" regarding whether he had control of a foreign account.

34. Once Ms. Hemminger was made aware of Defendant's foreign accounts after the years at issue, she checked the box "yes" on the draft 2009 Form 1040, Schedule B, Interest and Ordinary Dividends, she prepared regarding whether Defendant had control of a foreign account.

35. Defendant never filed any FBARs for 2007 and 2008 to report his interest in his foreign accounts.

Complaint to Reduce Civil Penalties to Judgment
(Case No.           )

8

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-2466

36. On December 8, 2011, a federal grand jury in the District of Arizona returned an Indictment against Defendant, his business partner, and Rusch. *See United States v. Stephen M. Kerr*, 2:11-cr-2385-PHX-JAT-DKD (ECF No. 1). Defendant was charged, in relevant part, with Willful Subscription to False Individual Income Tax Return for 2007 and 2008 and Willful Failure to File FBARs for 2007 and 2008. *Id*. (Counts 2-3 and 6-7). On April 11, 2013, a jury convicted Defendant on Counts 2-3 and 6-7. *Id*. (ECF No. 288). On December 19, 2014, the United States Court of Appeals for the Ninth Circuit affirmed Defendant's conviction. *See United States v. Quiel*, 595 Fed.Appx. 692 (9th Cir. 2014).

## CLAIM FOR RELIEF: JUDGMENT FOR CIVIL PENALTIES
## (31 U.S.C. § 5321(a)(5))

*Liability for the Civil Penalty*

37. During the calendar years 2007 and 2008, Defendant was a United States person within the meaning of 31 C.F.R. § 1010.350(b).

38. During the calendar years 2007 and 2008, Defendant had a financial interest, within the meaning of 31 C.F.R. § 1010.350(e), over the four UBS accounts and the one Pictet account in Switzerland ("the Accounts").

39. The Accounts were bank accounts in a foreign country.

40. During the calendar years 2007 and 2008, the balance in the Accounts exceeded $10,000.

41. Defendant failed to file any FBAR with regard to the 2007 and 2008 calendar years as required by 31 U.S.C. § 5314 and 31 C.F.R. § 1010.306(c).

Complaint to Reduce Civil Penalties to Judgment
(Case No.            )

9

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-2466

42. The failure of Defendant to file an FBAR with regard to the 2007 and 2008 calendar years was willful within the meaning of 31 U.S.C. § 5321(a)(5).

### *Assessment and Collection of the Civil Penalty*

43. On or about December 21, 2017, a delegate of the Secretary of the Treasury timely assessed civil penalties against Defendant Stephen M. Kerr in the total amount of $3,800,970, due to the willful failure of Defendant to timely file FBARs to disclose the Accounts to the IRS for the calendar years 2007 and 2008 ("FBAR Penalties").

44. A delegate of the Secretary of Treasury sent a notice of the assessments and demand for payment to Defendant for the FBAR Penalties at Defendant's last known address.

45. In addition to the FBAR Penalties, Defendant owes late-payment penalties pursuant to 31 U.S.C. § 3717(e)(2), and interest pursuant to 31 U.S.C. § 3717(a), and applicable collection related fees pursuant to 31 U.S.C. § 3717(e)(1).

46. As of October 11, 2019, the unpaid balance owed to the United States by Defendant for the FBAR Penalties, the late payment penalty, applicable fees and interest, less any payments, was $4,281,350.12.

47. The United States is entitled to a judgment against Defendant in the amount of $4,281,350.12 as of October 11, 2019, plus statutory accruals as provided by law from that date until fully paid.

Complaint to Reduce Civil Penalties to Judgment
(Case No.          )

10

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-2466

WHEREFORE, the United States requests that the Court:

A. Enter judgment in favor of the United States of America and against Stephen M. Kerr, in the amount of $4,281,350.12 as of October 11, 2019, plus statutory accruals from that date until fully paid; and

B. Award the United States of America its costs, and such other further relief as the Court deems just and proper.

DATED this 18th day of October, 2019.

            Respectfully submitted,

            RICHARD E. ZUCKERMAN
            Principal Deputy Assistant Attorney General

            */s/ Jeremy N. Hendon*
            JEREMY N. HENDON
            Trial Attorney, Tax Division
            U.S. Department of Justice
            P.O. Box 683
            Washington, D.C.  20044

            MICHAEL BAILEY
            United States Attorney
            *Of Counsel*

Complaint to Reduce Civil Penalties to Judgment
(Case No.            )    11    **U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-2466

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the District of Arizona.

**The completed cover sheet must be printed directly to PDF and filed as an attachment to the Complaint or Notice of Removal.**

---

**Plaintiff**(s): **United States of America**

County of Residence: Outside the State of Arizona

County Where Claim For Relief Arose: Maricopa

**Defendant**(s): **Stephen M Kerr**

County of Residence: Maricopa

Plaintiff's Atty(s):

**Jeremy N Hendon (** United States of America **)**
**U.S. Department of Justice, Tax Division**
**P.O. Box 683, Ben Franklin Station**
**Washington, DC  20044-0683**
**(202) 353-2466**

Defendant's Atty(s):

---

| | |
|---|---|
| II. Basis of Jurisdiction: | **1. U.S. Government Plaintiff** |
| III. Citizenship of Principal Parties **(Diversity Cases Only)** | |
| Plaintiff:- | **N/A** |
| Defendant:- | **N/A** |
| IV. Origin : | **1. Original Proceeding** |
| V. Nature of Suit: | **690 Other** |
| VI. Cause of Action: | **31 U.S.C. 5314, 5321 Suit to collect civil penalties for failing to file FBARs** |

VII. Requested in Complaint
  Class Action: **No**
  Dollar Demand: **4,281,350.12**
  Jury Demand: **No**

VIII. This case **IS RELATED** to Case Number **2:11-cr-2385-PHX-JAT (DKD)** assigned to Judge **Teilborg.**

---

**Signature:**  **/s/ Jeremy N. Hendon**

**Date:** <u>10/18/2019</u>

**If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, save this form as a PDF and include it as an attachment to your case opening documents.**

Revised: 01/2014