RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

JEREMY N. HENDON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-353-2466 (v)
202-307-0054 (f)
Jeremy.Hendon@usdoj.gov
Western.TaxCivil@usdoj.gov

MICHAEL BAILEY
United States Attorney
*Of Counsel*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| United States of America, | ) | Case No. 2:19-cv-05432-DJH |
|---|---|---|
| Plaintiff, | ) | **Joint Motion for Relief from Order Prohibiting the Filing of More Than One Dispositive Motion and To Stay Pending Case Deadlines Until Dispositive Motion is Decided (First/Second Request)** |
| v. | ) | |
| Stephen M. Kerr, | ) | |
| Defendant. | ) | |

The parties, by and through their undersigned counsel, hereby submit this joint motion for relief from the Court's order allowing only one dispositive motion per side and to stay all pending case deadlines until the Court issues a ruling on a dispositive motion the parties request the United States be allowed to file now that relates to a purely legal issue that may resolve many issues in this action.  This is the first request for relief from the order allowing only one dispositive motion per side and the second request for

Joint Motion for Relief from Order
Prohibiting Two Dispositive Motions
(Case No. 2:19-cv-05432-DJH)

1

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-2466

what results in an extension of the case deadlines.  This request is made for the purposes of allowing the parties to continue to fully explore possible resolution of the claims in this action and to provide the parties an answer to a purely legal question that may resolve many issues in this case and that will assist them in evaluating the litigation hazards they face in this action.  The motion is not for purposes of delay.

As mentioned on the first page of the complaint, the United States brought this action "to collect unpaid federal penalty assessments and interest as provided by law, and to reduce those assessments to judgment."  The federal penalty assessments are derived from the United States' contention that Defendant willfully failed to disclose an interest in several foreign bank accounts to the Internal Revenue Service ("IRS") on Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR" for the 2007 and 2008 years.  Further, in paragraph 36 of the complaint, the United States noted that on December 8, 2011, a federal grand jury in the District of Arizona returned an Indictment against Defendant, his business partner, and Christopher Rusch.  *See United States v. Stephen M. Kerr*, 2:11-cr-2385-PHX-JAT-DKD.  Defendant was charged, in relevant part, with Willful Subscription to False Individual Income Tax Return for 2007 and 2008 and Willful Failure to File FBARs for 2007 and 2008.  *Id*. (Counts 2-3 and 6-7).  On April 11, 2013, a jury convicted Defendant on Counts 2-3 and 6-7.  *Id*.  On December 19, 2014, the United States Court of Appeals for the Ninth Circuit affirmed Defendant's conviction.  *See United States v. Quiel*, 595 Fed.Appx. 692 (9th Cir. 2014).

Joint Motion for Relief from Order
Prohibiting Two Dispositive Motions
(Case No. 2:19-cv-05432-DJH)

2

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-2466

In the parties' previous joint motion to extend the case deadlines filed in this case, the parties noted Defendant's assertion that even if the United States prevails in this action to reduce the federal penalty assessments at issue to a judgment, he has an inability to pay any such judgment. Based on that assertion, the parties requested additional time to fully explore settlement without engaging in costly litigation at the same time. Since the Court granted that joint motion, the parties have been engaging in good faith discussions regarding possible settlement, including possible settlement based on Defendant's assertion of an inability to pay any judgment that the United States may obtain in this case, as well as discussion of possible litigation risk. As part of that process, Defendant has provided documentation and information, including requested follow-up documents and information, to the United States. The United States has reviewed the information submitted by Defendant.

Although the parties are still engaging in settlement discussions, they have come to the conclusion that a determination regarding one preliminary legal question would greatly assist them in that effort. That legal question is what preclusive effect, if any, does Defendant's prior criminal conviction in this Court regarding his willful failure to file FBARs with the IRS for 2007 and 2008 have on the United States' claims in this case. If the Court determines that preclusion applies, that would greatly limit the remaining issues in this case. However, if the Court determines that preclusion does not apply, then the United States will be required to prove up all elements of its claims in this case without the aid of this Court's prior criminal conviction of Defendant. The answer

Joint Motion for Relief from Order
Prohibiting Two Dispositive Motions
(Case No. 2:19-cv-05432-DJH)

3

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-2466

to this legal question will assist the parties in evaluating their relative litigation risk in this case when evaluating possible settlement positions.

The parties agree that resolution of this legal issue would be helpful for the parties' settlement discussions and may also narrow issues should the parties not ultimately agree to a settlement. Because the filing of this dispositive motion benefits all parties, the parties believe it only fair that the United States be allowed relief from the order prohibiting the filing of just one dispositive motion. Accordingly, the parties jointly request the Court to provide relief from its order allowing the filing of one dispositive motion per side and allow the United States the ability to file a second dispositive motion later in this case. Any such second motion would be allowed only if the parties do not reach a settlement of all claims and there are remaining issues to be determined after the close of discovery that the United States believes are ripe for determination by a motion for summary judgment.

In addition, if the Court grants the parties' request allowing the United States the ability to file a second dispositive motion in this case, the parties also respectfully request the Court to stay all pending case deadlines pending a final resolution of the dispositive motion the United States would file now regarding the preclusion issue. The parties make this second request in order to conserve resources and avoid potentially costly discovery that may ultimately be unnecessary if the Court determines that preclusion applies. Further, the stay of the case deadlines may also conserve court resources if the parties are able to reach a settlement as a result of the Court's decision on the preclusion issue and thus avoid a trial.

Joint Motion for Relief from Order
Prohibiting Two Dispositive Motions
(Case No. 2:19-cv-05432-DJH)

4

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-2466

This is the parties' first motion for relief from the order allowing only one dispositive motion per side but is the second motion with respect to staying or extending case deadlines.

This request is made in good faith and not for the purpose of causing unwarranted delay.

Respectfully submitted this 15th day of October, 2020.

        RICHARD E. ZUCKERMAN
        Principal Deputy Assistant Attorney General

        */s/ Jeremy N. Hendon*
        JEREMY N. HENDON
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 683
        Washington, D.C.  20044

        MICHAEL BAILEY
        United States Attorney
        *Of Counsel*

        *Counsel for Plaintiff United States of America*


        */s/ Brandon A. Keim*
        BRANDON A. KEIM
        YALE F. GOLDBERG
        FRAZER RYAN GOLDBERG & ARNOLD LLP
        1850 N. Central Avenue, Suite 1800
        Phoenix, Arizona 85004

        *Counsel for Defendant Stephen M. Kerr*

Joint Motion for Relief from Order
Prohibiting Two Dispositive Motions
(Case No. 2:19-cv-05432-DJH)

5

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-2466

# **CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing has been made this 15th day of October, 2020 via the Court's CM/ECF system to:

Brandon A. Keim                    bkeim@frgalaw.com, mnorthcott@frgalaw.com

/s/ *Jeremy N. Hendon*
JEREMY N. HENDON
Trial Attorney, Tax Division
U.S. Department of Justice

Joint Motion for Relief from Order
Prohibiting Two Dispositive Motions
(Case No. 2:19-cv-05432-DJH)

6

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-2466