RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

JEREMY N. HENDON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-353-2466 (v)
202-307-0054 (f)
Jeremy.Hendon@usdoj.gov
Western.TaxCivil@usdoj.gov

MICHAEL BAILEY
United States Attorney
*Of Counsel*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | Case No. 2:19-cv-05432-DJH |
| Plaintiff, | ) | |
| | ) | **United States' Motion for Partial** |
| v. | ) | **Summary Judgment on the** |
| | ) | **Preclusion Issue** |
| Stephen M. Kerr, | ) | |
| Defendant. | ) | |
| | ) | |

United States' Motion for
Partial Summary Judgment
(Case No. 2:19-cv-05432-DJH)

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-2466

# TABLE OF CONTENTS

Page(s)

I.    INTRODUCTION ........................................................................................ 1

II.   FACTUAL BACKGROUND .......................................................................... 2

    A.    Kerr's Prior Criminal Case and Conviction In This Court, Plus Kerr's Exhaustion of All Appeals Regarding His Conviction. ............................... 2

    B.    Evidence Relevant To This Motion Admitted During  Kerr's Prior Criminal Trial. ........................................................................................ 4

        1.    Evidence Regarding Kerr's Four UBS Accounts. ........................... 4

        2.    Evidence Regarding Kerr's One Pictet Account................................ 5

    C.    The IRS Assessed Kerr Civil Willful FBAR Penalties For All Of The Foreign Accounts Raised During His Criminal Trial. ..................... 6

III.  LEGAL STANDARD ................................................................................... 6

    A.    Standard of Review Under Fed. R. Civ. P. 56 ............................................ 6

    B.    Standard For Civil Liability For Willful Failure To File FBARs ................ 7

IV.  ARGUMENT ............................................................................................... 8

    A.    Kerr's Prior Criminal Conviction Bars Him From Challenging That He Is Civilly Liable In This Case For A Willful Failure To File FBARs For The Accounts At Issue In The Complaint In This Case. ....................... 9

        1.    Kerr's Prior Conviction With Respect to Counts 6 and 7 For Willfully Failing to File FBARs Were Serious Offenses. ............... 10

        2.    Kerr's Prior Conviction With Respect to Counts 6 and 7 Was The Result Of A Full And Fair Trial................................................ 10

        3.    Kerr's Willful Failure to File FBARs With Respect To His UBS Accounts and Pictet Account Was Actually Decided At His Prior Criminal Trial. ................................................................. 10

        4.    Kerr Was The Defendant Criminally Convicted In The Prior Trial. ....................................................................................... 16

V.   CONCLUSION ........................................................................................ 16

United States' Motion for
Partial Summary Judgment
(Case No. 2:19-cv-05432-DJH)

i

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-2466

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alcaraz v. Block*,
746 F.2d 593, 602-03 (9th Cir. 1984 ............................................................ 6

*Bedrosian v. United States*,
912 F.3d 144, 147 (3d Cir. 2018)........................................................... 7, 11

*Emich Motors Corp. v. General Motors Corp.*,
340 U.S. 558, 568 (1951) ............................................................... 9, 13, 14

*N. Cal. River Watch v. Wilcox*,
633 F.3d 766,772 (9th Cir. 2011) ............................................................... 6

*Norman v. United States*,
942 F.3d 1111, 1114 (Fed. Cir. 2019)..................................................... 7, 11

*Sec. & Exch. Comm'n v. Mogler*,
No. CV-15-01814-PHX-SPL, 2020 WL 1065865, at *3 (D. Ariz. Mar.
5, 2020) ...................................................................................................... 8, 9

*Sec. & Exch. Comm'n v. Stein*,
906 F.3d 823 (9th Cir. 2018), *cert. denied*, 140 S. Ct. 245 (2019)............ 11

*UA Local 343 United Ass'n Etc. v. Nor-Cal Plumb., Inc.*,
48 F.3d 1465, 1471 (9th Cir. 1994) .............................................................. 7

*United States v. Bohanec*,
263 F.Supp.2d 881, 888-89 (C.D. Cal. 2016) ............................................. 12

*United States v. Horowitz*,
---F.3d ---, No. 19-1280, 2020 WL 6140674 at *7 (4th Cir. Oct. 20,
2020) .......................................................................................................... 12

*United States v. Kerr*,
709 Fed. Appx. 431 (9th Cir. 2017)............................................................... 3

*United States v. McBride*,
908 F.Supp.2d 1186, 1201 (D. Utah 2012).................................................... 8

United States' Motion for
Partial Summary Judgment
(Case No. 2:19-cv-05432-DJH)

ii

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-2466

**Page(s)**

*United States v. Podell,*
    572 F.2d 31, 35 (2d Cir. 1978)...................................................................... 9

*United States v. Quiel,*
    595 Fed. Appx. 692 (9th Cir. 2014) ............................................................ 3

*United States v. Real Prop. Located at Section 18,*
    976 F.2d 515 (9th Cir. 1992) ..................................................................... 10

*United States v. Toth,*
    2017 WL 1703936, at *4 (D. Mass. May 2, 2017) ..................................... 8

**Statutes**

31 U.S.C. § 5314 ...................................................................... 1, 3, 6, 7, 11, 12

31 U.S.C. § 5321(a)(5) ...................................................................... 6, 8, 12

31 U.S.C. § 5322(a) ...................................................................... 1, 3, 6

**Regulations**

31 C.F.R. § 1010.350...................................................................... 1, 3, 7, 11

31 C.F.R. §§ 1010.306(c) and (d) ...................................................... 1, 3

**Other Authorities**

Fed. R. Civ. P. 56...................................................................... 6, 7

Restatement (Second) of Judgments § 27 cmt. c............................................ 11

United States' Motion for
Partial Summary Judgment
(Case No. 2:19-cv-05432-DJH)

iii

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-2466

## I.     INTRODUCTION

After a lengthy trial in this Court in the spring of 2013, a jury convicted defendant, Stephen M. Kerr ("Kerr"), of Willful Failure to File FBARs pursuant to 31 U.S.C. §§ 5314, 5322(a) and 31 C.F.R. §§ 1010.350, 1010.306(c) and (d) for 2007 and 2008.  The Indictment and evidence admitted at trial identified the FBARs that Kerr was required to file with the Internal Revenue Service ("IRS") pertained to four foreign bank accounts in Switzerland: three accounts at Union Bank of Switzerland AG ("UBS") and one account at Pictet & Cie ("Pictet").  The verdict form for the FBAR counts against Kerr specifically linked the questions for the jury to decide to the foreign accounts as charged in the FBAR counts in the Indictment.  Those accounts were the UBS accounts and Pictet account.  The Ninth Circuit Court of Appeals denied Kerr's direct appeal of his conviction in December 2014, as well as a subsequent appeal for a new trial or evidentiary hearing in September 2017.

Based on Kerr's criminal conviction, the IRS opened a civil examination regarding Kerr's willful failure to file FBARs for his UBS accounts and Pictet account alleged in the Indictment.  After using the evidence admitted at the criminal trial and requesting information from Kerr to which Kerr did not respond, the IRS assessed civil willful FBAR penalties against Kerr for 2007 and 2008 regarding the three UBS accounts and one Pictet account specifically identified in the Indictment totaling approximately $3.75 million.  The IRS's civil assessment also included one additional UBS account for only 2007, and in the amount of $40,895, that was not specifically identified in the Indictment

United States' Motion for
Partial Summary Judgment
(Case No. 2:19-cv-05432-DJH)

1

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-2466

but evidence of its existence, importance to other UBS accounts, and use was admitted during Kerr's criminal trial.  The additional UBS account was the initial account opened at UBS in 2006 that was required to be opened under Swiss law as a placeholder before at least one of the other UBS accounts that was identified in the Indictment could be opened for Kerr's use and benefit.

The United States filed the complaint in this action to reduce all of the IRS's civil willful FBAR penalty assessments against Kerr to judgment.  Although the underlying facts regarding who, why, and how the UBS accounts and Pictet account were opened, as well as the facts showing whose funds and assets were deposited and repatriated from those accounts, are perhaps relevant to the underlying claim in this action, they are not relevant to this motion.  This motion seeks summary judgment based on the doctrine of issue preclusion with respect to the issue that Kerr was required to file FBARs with the IRS for 2007 and 2008 with respect to all four of the UBS accounts and one Pictet account raised and/or at issue in the prior criminal case and trial, but willfully failed to do so.  Because the United States shows in this filing that there are no disputed issues of material fact with respect to application of the doctrine of issue preclusion here based on Kerr's prior criminal conviction in this Court, the Court should grant this motion.

## II.    FACTUAL BACKGROUND

### A.    Kerr's Prior Criminal Case and Conviction In This Court, Plus Kerr's Exhaustion of All Appeals Regarding His Conviction.

On December 8, 2011, the United States filed a sealed Indictment in this Court charging Kerr with several criminal violations in case number CR 11-2385-PHX-JAT-

United States' Motion for
Partial Summary Judgment
(Case No. 2:19-cv-05432-DJH)

2

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-2466

DKD.  (Ex. 1 at Dkt. #3; Ex. 2)  Relevant here, Counts 6 and 7 of the Indictment charged Kerr with Willful Failure to File FBARs pursuant to 31 U.S.C. §§ 5314, 5322(a) and 31 C.F.R. §§ 1010.350, 1010.306(c) and (d) with respect to undeclared accounts in Switzerland at UBS and Swiss Bank A in which Kerr had a financial interest for 2007 and 2008.  (Ex. 2 at ¶¶ 89-90)  "Swiss Bank A" as referenced in Counts 6 and 7 refers to Pictet.  The Indictment mentions "bank account number x-xxx531 at Swiss Bank A" and the criminal trial exhibit containing bank records for account number x-xxx531 are for an account at Pictet.  (Compare Ex. 2 at ¶ 11 with Exs. 11, 13 at transcript pages 2034-2051) The Court ordered the Indictment unsealed on January 30, 2012.  (Ex. 1 at Dkt. #19)

After a lengthy trial in the spring of 2013, a jury returned a guilty verdict against Kerr, among other charges, on Counts 6 and 7 of the Indictment.  (Ex. 3)  Kerr directly appealed and, on December 19, 2014, the Ninth Circuit affirmed his conviction.  *See United States v. Quiel*, 595 Fed. Appx. 692 (9th Cir. 2014).  Kerr later filed a motion for a new trial or, alternatively, for an evidentiary hearing that this Court denied on July 15, 2015. (Ex. 1 at Dkt. #463)  Kerr also filed a motion to accept remand to consider new evidence for a new trial that this Court denied on July 22, 2016 (*Id*. at Dkt. #475)  The Ninth Circuit affirmed this Court's denial of a new trial and denial to accept remand to consider new evidence on September 27, 2017.  *See United States v. Kerr*, 709 Fed. Appx. 431 (9th Cir. 2017).

United States' Motion for
Partial Summary Judgment
(Case No. 2:19-cv-05432-DJH)

3

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-2466

**B.      Evidence Relevant To This Motion Admitted During Kerr's Prior Criminal Trial.**

During Kerr's prior criminal trial, the United States introduced substantial evidence against Kerr.  The United States called numerous witnesses and introduced voluminous documents showing Kerr's business dealings and his involvement in the plan to open foreign bank accounts in Switzerland in the name of nominee entities, and then place his shares of stock and/or the proceeds from the sale of shares of his stock into those accounts.  The United States also submitted all of the foreign bank records.

**1.      Evidence Regarding Kerr's Four UBS Accounts.**

With respect to Kerr's UBS accounts, the United States introduced criminal trial exhibits ("Crim. Ex.") 245-248, which are bank account records for those four UBS accounts, along with testimony from Martin Peter, a UBS representative from Zurich, Switzerland.[1]  Crim. Ex. 245 included records for UBS account number ending -962. (Ex. 5)  Crim. Ex. 246 included records for UBS account number ending -734.  (Ex. 6) Crim. Ex. 247 included records for UBS account number ending -796.  (Ex. 7)  Crim. Ex. 248 included records for UBS account number ending -593 (Ex. 8)

In addition to authenticating and providing the necessary business records foundation for admission into evidence of Kerr's UBS bank records in Crim. Exs. 245-

---

[1] Included as exhibits to this motion are only the cover page and first few pages of each criminal exhibit to show the specific account represented in each exhibit as that is the only relevant fact with respect to each criminal exhibit here and the criminal exhibits are voluminous.  However, if the remaining pages of the criminal exhibits are determined to be relevant, the United States respectfully requests the Court to take judicial notice of any necessary additional pages or, alternatively, the United States requests leave to supplement the record with any necessary additional pages.

United States' Motion for
Partial Summary Judgment
(Case No. 2:19-cv-05432-DJH)

4

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-2466

248, Mr. Peters testified that the account represented in Crim Ex. 246, in the name of Red

Rock Investment AG ("Red Rock"), was a "capital deposit account."  (Ex. 10 at

transcript pages 787-88, 818-19).  Mr. Peter testified that according to Swiss law at the

time, one was required to deposit 100,000 Swiss francs with UBS in order to register a

company with UBS and that then allowed the company to temporarily open a capital

deposit account.  (*Id.* at transcript pages 787-88)  Mr. Peter further testified that Crim. Ex.

246 included the UBS bank records for Red Rock's capital deposit account.  (*Id.*)  Mr.

Peter then testified that after Red Rock opened its capital deposit account in 2006, it

could then open other accounts at UBS (*Id.* at transcript pages 788, 818-19)  Thus, Kerr's

UBS account ending- 962, opened in the name of Red Rock (Ex. 5), was allowed to be

opened only because Red Rock had previously opened a capital deposit account.  (Ex. 10

at transcript pages 818-19)  The Court admitted Crim Exs. 245-248 into evidence. (Ex. 9)

### 2.     Evidence Regarding Kerr's One Pictet Account.

With respect to Kerr's Pictet account, the United States introduced Crim. Ex. 252,

which includes bank records from the Pictet account, as well as testimony from Stephane

Tourette, a Pictet representative from Geneva, Switzerland.  Crim. Ex. 252 included

records for Pictet account number ending-531. (Ex. 11)  Mr. Tourette authenticated and

provided the necessary business records foundation for admission of Kerr's Pictet bank

account records into evidence, as well as additional testimony about the account that was

also opened in the name of Red Rock.  (Ex. 13 at transcript pages 2034-2035, 2037-2051)

The Court admitted Crim Ex. 252 into evidence.  (Ex. 12)

United States' Motion for
Partial Summary Judgment
(Case No. 2:19-cv-05432-DJH)

5

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-2466

## C.   The IRS Assessed Kerr Civil Willful FBAR Penalties For All Of The Foreign Accounts Raised During His Criminal Trial.

After Kerr's criminal conviction in this Court, the IRS opened a civil examination regarding Kerr's failure to file FBARs for 2007 and 2008.  Based primarily on Kerr's criminal conviction, on December 21, 2017, the IRS timely assessed the following civil willful FBAR penalties against Kerr pursuant to 31 U.S.C. §§ 5314, 5321(a)(5) for 2007 and 2008:

| Year | Foreign Bank | Account Number Ending | Penalty Assessed |
|------|--------------|----------------------|------------------|
| 2007 | UBS | -962 | $378,117.00 |
| 2007 | UBS | -796 | $718,085.00 |
| 2007 | UBS | -593 | $1,523,303.00 |
| 2007 | UBS | -734 | $40,985.00 |
| 2007 | Pictet | -531 | $250,761.00 |
| 2008 | UBS | -962 | $100,000.00 |
| 2008 | UBS | -796 | $100,000.00 |
| 2008 | UBS | -593 | $485,597.00 |
| 2008 | Pictet | -531 | $204,122.00 |
| **Total** | | | **$3,800,970.00** |

(Ex. 14)

## III.   LEGAL STANDARD

### A.   Standard of Review Under Fed. R. Civ. P. 56

The question here involves a dispute of law, not fact.  In such cases, the Court simply decides the legal issues. *N. Cal. River Watch v. Wilcox*, 633 F.3d 766,772 (9th Cir. 2011); A4lcaraz v. Block, 746 F.2d 593, 602-03 (9th Cir. 1984).  If Kerr disputes the limited facts relevant to this motion, he must submit evidence to establish that there is a

United States' Motion for
Partial Summary Judgment
(Case No. 2:19-cv-05432-DJH)

6

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-2466

genuine dispute.  Fed. R. Civ. P. 56(c); *UA Local 343 United Ass'n Etc. v. Nor-Cal*

*Plumb., Inc.*, 48 F.3d 1465, 1471 (9th Cir. 1994).

**B.      Standard For Civil Liability For Willful Failure To File FBARs**

The Bank Secrecy Act of 1970 requires United States persons with foreign bank

accounts to maintain records and make reports "that may be useful in 'criminal, tax, or

regulatory investigations or proceedings, or in the conduct of intelligence or

counterintelligence activities ....'" *Bedrosian v. United States*, 912 F.3d 144, 147 (3d Cir.

2018) (quoting 31 U.S.C. § 5311).  31 U.S.C. § 5314 instructs the Secretary of the

Treasury to prescribe rules that require persons to file an annual report identifying certain

transactions or relations with foreign financial agencies.  *Id*.; *Norman v. United States*,

942 F.3d 1111, 1114 (Fed. Cir. 2019).  31 C.F.R. § 1010.350, in turn, requires that certain

United States persons must annually file a Report with the IRS– namely those who have a

financial interest in, or signature or other authority over a bank, securities, or other

financial account(s) that is in a foreign country.  The required report is made by filing a

Report of Foreign Bank and Financial Accounts ("FBAR").  *Norman*, 942 F.3d at 1114.

For the years at issue in this case (2007 and 2008), "[c]overed persons must file it by June

30 each year for foreign accounts exceeding $10,000 in the prior calendar year."

*Bedrosian*, 912 F.3d at 147 (citing 31 C.F.R. § 1010.306(c)).

The Secretary of the Treasury has the authority under § 5321(a)(5)(A) to impose

civil money penalties on any person who fails to file a required FBAR.  *Norman*, 942

F.3d at 1114.  Initially, § 5321 authorized penalties only for willful violations of § 5314,

United States' Motion for
Partial Summary Judgment
(Case No. 2:19-cv-05432-DJH)

7

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-2466

1 | and capped the penalties at $100,000.  *Id*. at 1114.  In 2004, Congress amended § 5321 to

2 | authorize penalties up to $10,000 for non-willful violations of § 5321 and to increase the

3 | maximum penalty for willful violations to the greater of $100,000 or fifty percent of the

4 | balance in the account at the time of the violation.  31 U.S.C. § 5321(a)(5)(A)-(D).

5 |       Thus, a person is liable for a willful failure to file an FBAR penalty under §

6 | 5321(a)(5) if the following four elements are met: (1) the person is a United States

7 | citizen; (2) the person had a financial interest in or signature or other authority over a

8 | foreign financial account; (3) the financial account or accounts had an aggregate balance

9 | that exceeded $10,000 at some point during the reporting period; and (4) the person

10 | willfully failed to disclose the account and file an FBAR form for the account.  *United*

11 | *States v. Toth*, 2017 WL 1703936, at *4 (D. Mass. May 2, 2017); *United States v.*

12 | *McBride*, 908 F.Supp.2d 1186, 1201 (D. Utah 2012).

**IV.    ARGUMENT**

14 |       This motion seeks summary judgment on a limited issue: whether Kerr is barred

15 | by the doctrine of issue preclusion from challenging that he willfully failed to file FBARs

16 | with the IRS for 2007 and 2008 reporting his interest in the four UBS accounts and one

17 | Pictet account for which the IRS assessed the civil willful FBAR penalty at issue here.

18 | Included in that issue is whether Kerr had the requisite interest in or authority over the

19 | foreign accounts.

20 |       "The doctrine of collateral estoppel or issue preclusion prohibits relitigation of an

21 | issue of fact or law that has been decided in earlier litigation."  *Sec. & Exch. Comm'n v.*

United States' Motion for
Partial Summary Judgment
(Case No. 2:19-cv-05432-DJH)

8

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-2466

1  *Mogler*, No. CV-15-01814-PHX-SPL, 2020 WL 1065865, at *3 (D. Ariz. Mar. 5, 2020)

2  (citing Parklane *Hosiery Co. v. Shore*, 439 U.S. 322, 326, n.5 (1979)).  "Additionally, it is

3  'well-established that a prior criminal conviction may work an estoppel in favor of the

4  Government in a subsequent civil proceeding.'" *Id.* (quoting *Emich Motors Corp. v.*

5  *General Motors Corp.*, 340 U.S. 558, 568 (1951)).  However, it only applies to

6  "questions distinctly put in issue and directly determined in the criminal prosecutions."

7  *Id.* (quoting Emich Motors Corp., 340 U.S. at 569).  Further, if the prior criminal

8  conviction is based on a guilty jury verdict, "issues which were essential to the verdict

9  must be regarded as having been determined by the judgment."  *Id.*; *see also United*

10  *States v. Podell*, 572 F.2d 31, 35 (2d Cir. 1978) ("a criminal conviction, whether by a jury

11  verdict or guilty plea, constitutes estoppel in favor of the United States in a subsequent

12  civil proceeding as to those matters determined by the judgment in the criminal case.")

13      **A.**    **Kerr's Prior Criminal Conviction Bars Him From Challenging That**
**He Is Civilly Liable In This Case For A Willful Failure To File FBARs**
14          **For The Accounts At Issue In The Complaint In This Case.**

15      The Ninth Circuit has stated that the criteria for application of issue preclusion

16  involving a prior criminal case are:

17          (1) the prior conviction must have been for a serious offense
        so that the defendant was motivated to fully litigate the
18          charges; (2) there must have been a full and fair trial to
        prevent convictions of doubtful validity from being used; (3)
19          the issue on which the prior conviction is offered must of
        necessity have been decided at the criminal trial; and (4) the
20          party against whom the collateral estoppel is asserted was a
        party or in privity with a party to the prior trial.

21

22

23

United States' Motion for
Partial Summary Judgment
(Case No. 2:19-cv-05432-DJH)

9

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-2466

*United States v. Real Prop. Located at Section 18,* 976 F.2d 515, 518 (9th Cir. 1992) (citing *Ayers v. City of Richmond*, 895 F.2d 1267, 1271 (9th Cir. 1990)).

### 1.   Kerr's Prior Conviction With Respect to Counts 6 and 7 For Willfully Failing to File FBARs Were Serious Offenses.

It is undisputed that Kerr was motivated to fully litigate the criminal charges.  As shown in the Judgment in a Criminal Case from the prior case, Kerr's willful FBAR conviction in Counts 6 and 7 of the Indictment were for Class D Felonies.  (Ex. 4 at 1) Kerr served 10 months imprisonment, was on supervised release for three years after he was released from incarceration, and was ordered to pay a $10,000 fine.  (*Id.* at 1-2)

### 2.   Kerr's Prior Conviction With Respect to Counts 6 and 7 Was The Result Of A Full And Fair Trial.

It is also undisputed that Kerr's prior criminal conviction was the result of a full and fair trial.  Kerr was represented by counsel during the criminal trial and his appeals. Kerr directly appealed his conviction, filed a motion for a new trial when his direct appeal failed, and then appealed this Court's denial of his motion for a new trial and remand to consider new evidence.  Thus, Kerr's prior conviction was thoroughly reviewed to ensure that it was the result of a full, fair, and lawful trial.

### 3.   Kerr's Willful Failure to File FBARs With Respect To His UBS Accounts and Pictet Account Was Actually Decided At His Prior Criminal Trial.

The Ninth Circuit typically looks to four factors in deciding whether two issues are identical for purposes of applying issue preclusion:

> (1) Is there a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first? (2) Does the new evidence or argument

United States' Motion for
Partial Summary Judgment
(Case No. 2:19-cv-05432-DJH)

10

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-2466

involve the application of the same rule of law as that involved in the prior proceeding? (3) Could pretrial preparation and discovery related to the matter presented in the first action reasonably be expected to have embraced the matter sought to be presented in the second? (4) How closely related are the claims involved in the two proceedings?

*Sec. & Exch. Comm'n v. Stein*, 906 F.3d 823, 828–29 (9th Cir. 2018), *cert. denied*, 140 S. Ct. 245 (2019) (citing *Howard v. City of Coos Bay*, 871 F.3d 1032, 1041 (9th Cir. 2017)); *see also* Restatement (Second) of Judgments § 27 cmt. c (Am. Law Inst. 1982). However, these factors "are not applied mechanistically" and the result of such application should be decided on the facts of each case. *Id.* at 829 (quoting *Howard*, 871 F.3d at 1041).

Applying these factors here favor a finding that the issues decided were identical. Both criminal and civil liability for failing to file FBARs starts with § 5314, which instructs the Secretary of the Treasury to prescribe rules that require persons to file an annual report identifying certain transactions or relations with foreign financial agencies. *Bedrosian*, 912 F.3d at 147; *Norman*, 942 F.3d at 1114. Those rules, found in 31 C.F.R. § 1010.350, require that certain United States persons must annually file a Report with the IRS– namely those who have a financial interest in, or signature or other authority over a bank, securities, or other financial account(s) that is in a foreign country. 31 C.F.R. § 1010.350(a). The required report is made by filing a Report of Foreign Bank and Financial Accounts ("FBAR"). *Norman*, 942 F.3d at 1114. For the years at issue in this case (2007 and 2008), "[c]overed persons must file it by June 30 each year for foreign accounts exceeding $10,000 in the prior calendar year." *Bedrosian*, 912 F.3d at

United States' Motion for
Partial Summary Judgment
(Case No. 2:19-cv-05432-DJH)

11

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-2466

147 (citing 31 C.F.R. § 1010.306(c).)  31 U.S.C. § 5321(a)(5)(C) provides for civil

penalties for a willful violation of § 5314.  Section 5322(a) provides for criminal

penalties for a willful violation of § 5314.  However, § 5321(d) specifically provides that

both a civil penalty under § 5321(a) and a criminal penalty under § 5322 can be imposed

with respect to the same violation.

Notwithstanding the fact that all of these elements for establishing that an

individual was required to file FBARs for criminal and civil liability are identical, the

legal standard for proving willfulness for both differs.  The Fourth Circuit very recently

agreed with the other courts of appeals that have considered the issue to date (*i.e.*

*Bedrosian* and *Norman*) that willfulness for the civil penalty under § 5321(a)(5)(C)

includes recklessness.  *United States v. Horowitz*, ---F.3d ---, No. 19-1280, 2020 WL

6140674 at *7 (4th Cir. Oct. 20, 2020); see also *United States v. Bohanec*, 263 F.Supp.2d

881, 888-89 (C.D. Cal. 2016).  The Fourth Circuit further stated that willfulness for

purposes of § 5321(a)(5)(C) "includes both knowing and reckless violations, even though

more is required to sustain a criminal conviction for a willful violation of the same

requirement under § 5322."  *Id.*  The only difference, therefore, between civil and

criminal penalties for willfully failing to file FBARs is a higher standard of willfulness in

order for the criminal penalty to apply.  As such, the elements the United States proved

during Kerr's prior criminal case to establish his liability for failing to file FBARs is the

United States' Motion for
Partial Summary Judgment
(Case No. 2:19-cv-05432-DJH)

12

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-2466

1   same as it would be in this case.[2]   The only difference is that the United States had a

2   higher standard for proving willfulness there than it will have here.

3       Because the same rule of law applies both here and in the prior criminal case, and

4   the claims are the same, all of the same evidence and arguments advanced in the criminal

5   trial will necessarily be advanced here as well.   There will likely not be additional

6   evidence unless additional bank statements are produced by Kerr or the Swiss banks.[3]

7   The discovery and pretrial preparation cover the same issues and matter in both cases.

8       Kerr has indicated during the parties' earlier discussions about this case and this

9   possible motion that he agrees that both his prior criminal case and this case involve the

10   same law, evidence, and claim, and that he is therefore civilly liable for a willful failure

11   to file FBARs with the IRS for 2007 and 2008 with respect to at least one of the accounts

12   identified in the complaint.   However, Kerr argued that because the verdict form in the

13   prior criminal case did not break down or specify which foreign account or accounts the

14   jury found he was liable for, the issue of which foreign account or accounts he had a

15   financial interest in, or signature or other authority over, was not clearly decided in the

16   prior criminal case.   Kerr is wrong.

17

18   [2] Attached as Ex. 15 are pages of the transcript from Kerr's criminal trial reflecting the
jury instructions given to the jury specifically pertaining to the criminal willful FBAR

19   liability that was at issue.   This evidence shows that the elements the jury was instructed
on regarding the FBAR counts is the same as the elements for civil liability here.   That

20   evidence can be considered when determining the preclusive effect of a prior criminal
conviction.   *See Emich Motors Corp.*, 340 U.S. at 569.

21   [3] Any such new evidence will not pertain to whether Kerr is civilly liable here.   Instead, it
may pertain to the appropriateness of the amount of the civil penalty the IRS assessed

22   against Kerr.   However, that issue is not being decided as part of this motion.

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-2466

23

The Supreme Court has explained that when trial courts are assessing the preclusive effect of a prior criminal conviction and determining which issues were necessarily decided, they can examine the pleadings, evidence submitted, jury instructions, and other parts of the record. *See Emich Motors Corp*., 340 U.S. at 569. Here, with respect to Kerr's UBS accounts with account numbers ending -962, -796, and -593 and the one Pictet account with account number ending -531, the answer is straightforward.  Counts 6 and 7 of the Indictment charged Kerr for willfully failing to file FBARs for 2007 and 2008 "disclosing that he had a financial interest in, and signature or other authority over, financial accounts in a foreign country, including *undeclared accounts in Switzerland at UBS and Swiss Bank A*, which each had an aggregate value of more than $10,000 during [2007 and 2008]."  (*Id*. at ¶ 90 (emphasis added)).  The Indictment specifically identified or referenced all of those undeclared accounts at UBS and Pictet.  (Ex. 2 at ¶¶ 11-13, 23-27, 36, 38, 40, 42, 44, 46, 48, 50, 52-53, 55-56, 62, 66-72, 77).  The evidence submitted at trial included, in relevant part, all UBS bank records with respect to the UBS account numbers ending -962, -796, and -593 (Exs. 5, 7-8) and all Pictet bank records with respect to account number ending -531 (Ex. 11).  Further, the verdict form for Count 6 states that the jury was determining whether Kerr is guilty, *as charged in Count 6 of the Indictment*, for willfully failing to file FBARs for 2007.  (Ex. 3 at 2 (emphasis added)).  Similarly, the verdict form for Count 7 states the same but for 2008. (*Id*. at 3)  Therefore, the verdict forms specifically incorporated the paragraphs in the Indictment that specifically identified the foreign accounts.  As

United States' Motion for
Partial Summary Judgment
(Case No. 2:19-cv-05432-DJH)

14

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-2466

1   such, the jury necessarily determined that Kerr had the requisite financial interest, or

2   signature or other authority over, all of these accounts in order to ultimately convict him

3   of the FBAR charges in Counts 6 and 7.  Accordingly, the jury verdict on Counts 6 and 7

4   covered all four of these accounts.

5           It is a closer call with respect to the remaining UBS account with account number

6   ending -734, however.  Although the Indictment did not specifically identify this account,

7   it did include allegations regarding Red Rock and how it was used as the nominee entity

8   for Kerr to open Swiss bank accounts at UBS and Pictet.  (Ex. 2 at ¶¶ 11, 23-24, 26, 36).

9   Further, the prior criminal trial included evidence regarding this account.  Crim. Ex. 246,

10  which was admitted by the Court, included the UBS bank records of the account.  (Ex. 7)

11  The United States also provided testimony from Martin Peter, a UBS representative from

12  Zurich, Switzerland, regarding this account that was opened in the name of Red Rock.

13  (Ex. 10 at transcript pages 819-20; Ex. 7)  Mr. Peter testified that in order for a company

14  like Red Rock that was opening an account, but was not the beneficial owner of the

15  account, Red Rock had to deposit with UBS 100,000 Swiss francs in order to register

16  with UBS.  (Ex. 10 at transcript pages 787-88)  Once that was done, Mr. Peter testified

17  that Red Rock was allowed to open a temporary "capital deposit account" with that

18  100,000 Swiss francs deposit and that the records contained in Crim. Ex. 246 included

19  the UBS records with respect to that account.  (*Id*.)  Finally, Mr. Peter testified that after

20  Red Rock opened its capital deposit account in 2006, it could then open other accounts at

21  UBS (*Id*. at transcript pages 788, 818-19)  Thus, but for Kerr's and his business partner's

22

23

United States' Motion for
Partial Summary Judgment
(Case No. 2:19-cv-05432-DJH)

15

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-2466

ability to open this account in the name of Red Rock, Kerr would not have been able to later open his UBS account with account number ending -972 in the name of Red Rock. Because the jury convicted Kerr based on the UBS account number ending -972, it necessarily also decided that Kerr had the requisite financial interest in, or signature or other authority over, the UBS account number ending -734 necessary for finding that Kerr was required to also report this account on a FBAR.  It is undisputed that he did not.

> **4.     Kerr Was The Defendant Criminally Convicted In The Prior Trial.**

The last factor in determining whether to apply the doctrine of issue preclusion is also undisputed.  Kerr was the defendant who was criminally convicted in the prior criminal trial and against whom the United States is seeking to apply the doctrine of issue preclusion here.

## V.     CONCLUSION

Based on the foregoing reasons, the Court should grant the United States' Motion and find that the doctrine of issue preclusion bars Kerr from challenging that he willfully failed to file FBARs with the IRS with respect to the four UBS accounts and one Pictet account at issue in this case for 2007 and 2008.

United States' Motion for
Partial Summary Judgment
(Case No. 2:19-cv-05432-DJH)

16

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-2466

1  DATED this 29th day of October, 2020.

2                                                    Respectfully submitted,

3                                                    RICHARD E. ZUCKERMAN
                                                     Principal Deputy Assistant Attorney
4                                                    General

5                                                    /s/ Jeremy N. Hendon
                                                     JEREMY N. HENDON
6                                                    Trial Attorney, Tax Division
                                                     U.S. Department of Justice
7                                                    P.O. Box 683
                                                     Washington, D.C.  20044
8
                                                     MICHAEL BAILEY
9                                                    United States Attorney
                                                     Of Counsel
10

11

12

13

14

15

16

17

18

19

20

21

22
U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-2466
23

1

## CERTIFICATE OF SERVICE

2       IT IS HEREBY CERTIFIED that service of the foregoing has been made this 29th

3  day of October, 2020 via the Court's CM/ECF system to:

4  Brandon Anthony Keim                    bkeim@frgalaw.com, mnorthcott@frgalaw.com

5  Yale F Goldberg                         ygoldberg@frgalaw.com

6

7                                          /s/ Jeremy N. Hendon
                                           JEREMY N. HENDON
8                                          Trial Attorney, Tax Division
                                           U.S. Department of Justice
9

10

11

12

13

14

15

16

17

18

19

20

21

22   United States' Motion for                    **U.S. DEPARTMENT OF JUSTICE**
     Partial Summary Judgment                      Tax Division, Western Region
     (Case No. 2:19-cv-05432-DJH)                  P.O. Box 683
23                                                 Washington, D.C.  20044
                                                   Telephone: 202-353-2466