**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-19-05432-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Stephen M Kerr, | |
| Defendant. | |

Pending before the Court is Plaintiff United States' Motion for Partial Summary Judgment (Doc. 19). Plaintiff seeks to preclude Defendant Stephen Kerr from contesting factual issues discussed at a prior criminal trial. (*Id.* at 6). Mr. Kerr filed a Response in opposition (Doc. 20), and Plaintiff filed its Reply (Doc. 22). The matter is fully briefed.

**I.  Background**

If a United States resident or citizen has a foreign bank account worth more than $10,000, that person is required to file a Report of Foreign Bank and Financial Accounts ("FBAR") every year with the Internal Revenue Service ("IRS"). 31 U.S.C. § 5314; 31 C.F.R. §§ 1010.350, 1010.306(c). Willful failure to file an FBAR can result in both civil and criminal penalties. 31 U.S.C. §§ 5321(a)(5)(C), 5322(a).

In a 2013 criminal case, Mr. Kerr was convicted of willfully failing to file FBARs. *See United States v. Kerr*, 2013 WL 4430917, at \*14 (D. Ariz. Aug. 16, 2013) (denying motion for judgment of acquittal or, in the alternative a new trial), *aff'd United States v. Quiel*, 595 F. App'x 692, 694 (9th Cir. 2014). The Indictment specifically listed four Swiss

bank accounts and charged Mr. Kerr, in Counts 6 and 7, with willfully failing to file FBARs for those accounts in 2007 and 2008. (Doc. 19-3 at ¶¶ 11–13, 89–90). During the trial, the jury was presented with evidence in the form of bank records for all four accounts.

The Jury was also presented with evidence regarding an additional fifth account ending in "-734," which was not listed anywhere in the Indictment. (Docs. 19-6; 19-7; 19-8; 19-9; 19-12). This fifth account, as a Union Bank of Switzerland AG ("UBS") representative explained to the jury, was a "placeholder" account. (Docs. 19 at 6; 19-11 at 33–34). Swiss law required firms to deposit 100,000 Swiss francs with UBS in the placeholder account before they were allowed to open a capital deposit account. (Doc. 19 at 9). Without the placeholder account, it would not have been possible to open some of the other accounts listed in the Indictment. (*Id.*)

When the time came, the jury was instructed that, to prove its case, Plaintiff must have shown the following:

> First, the defendant was a United States person during the years specified in the count.
>
> Second, the defendant had a financial interest in or signature or other authority over a bank, securities, or other financial account in a foreign country during each calendar year specified in Counts 6 through 9 of the indictment.
>
> Third, the aggregate value of the defendant's foreign accounts exceeded $10,000 during the calendar year specified in Counts 6 through 9 of the indictment.
>
> Fourth, the defendant willfully failed to file an FBAR reporting accounts in Switzerland on or before June 30th of the year after the year identified in the count.

(Doc. 20-2 at 15). The jury found Mr. Kerr guilty on Counts 6 and 7 for willfully failing to file FBARs. (Doc. 19 at 5). After the trial, the case went on appeal to the Ninth Circuit twice. *Quiel*, 595 F. App'x at 696 (affirming the conviction for failing to file FBARs); *United States v. Kerr*, 709 F. App'x 431, 433–34 (9th Cir. 2017) (affirming the district court's decision to deny Mr. Kerr's motion for new trial or evidentiary hearing).

In 2017, the IRS assessed civil penalties on Mr. Kerr for willfully failing to file his FBARs. (Doc. 1 at ¶ 43). The assessment of $3.8 million encompassed all five accounts, including a penalty of $40,895 for the placeholder account. (Doc. 19 at 5–6). In this action, Plaintiff seeks to recover over $4.2 million due to late payment fees and interest. (Doc. 1 at ¶ 47).

The parties jointly sought leave for Plaintiff to file its Motion for Partial Summary judgment to determine, under the doctrine of collateral estoppel, what preclusive effect Mr. Kerr's prior conviction has on this case. (Doc. 17). Because the parties do not dispute the relevant facts, the Court need only address the legal issue in this Motion for Summary Judgment. *See* Fed. R. Civ. P. 56(a); *N. Cal. River Watch v. Wilcox*, 633 F.3d 766, 772 (9th Cir. 2011). For the reasons that follow, the Court will grant Plaintiff's Motion in part and deny it in part. Mr. Kerr will be estopped from challenging that he willfully failed to file FBARs with respect to the accounts referenced in Counts 6 and 7 of the prior criminal Indictment. However, the Court will not preclude him from challenging whether he willfully failed to file an FBAR for the placeholder account.

## II.   Collateral Estoppel

To apply the doctrine of collateral estoppel on an issue from a criminal trial: "(1) the prior conviction must have been for a serious offense so that the defendant was motivated to fully litigate the charges; (2) there must have been a full and fair trial to prevent convictions of doubtful validity from being used; (3) the issue on which the prior conviction is offered must of necessity have been decided at the criminal trial; and (4) the party against whom the collateral estoppel is asserted was a party or in privity with a party to the prior trial." *United States v. Real Prop. Located at Section 18*, 976 F.2d 515, 518 (9th Cir. 1992) (citing *Ayers v. City of Richmond*, 895 F.2d 1267, 1271 (9th Cir. 1990)).

The parties agree that Mr. Kerr meets every requirement, except for the third. (Docs. 19 at 14, 20; 20 at 3). Therefore, the only specific issue to be decided is whether the earlier case necessarily decided that Mr. Kerr willfully failed to file FBARs for every account. To determine what issues were necessary to a criminal trial's verdict, the Court must examine

"the record, including the pleadings, the evidence submitted, the instructions under which the jury arrived at its verdict, and any opinions of the courts." *Emich Motors Corp. v. Gen. Motors Corp.*, 340 U.S. 558, 569 (1951). The Ninth Circuit has noted this requirement's importance to ensure the prior case's factfinder carefully reviewed the issue at stake. *United States v. Weems*, 49 F.3d 528, 532 (9th Cir. 1995). Others note that, because issues unnecessary for a decision can escape appellate review, this requirement also protects the legal integrity of an issue precluded from further litigation. *Id.* at 534 (Norris, J., concurring).

### III. Discussion

The question before the Court is whether the prior criminal trial necessarily decided that Mr. Kerr willfully failed to file FBARs for all five of the accounts assessed by the IRS. Plaintiff argues it did, and so Mr. Kerr is precluded from litigating this issue. (Doc. 19 at 6). It argues that the only difference between proving Mr. Kerr willfully failed to file FBARs in the criminal and civil context is that the criminal standard for willfulness is more exacting than the civil standard. (*Id.* at 16). There is authority supporting Plaintiff's position, and the Court agrees. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 60 (2007) ("[T]he criminal law 'willfully' typically narrows the otherwise sufficient intent, making the government prove something extra, in contrast to its civil law usage, giving a plaintiff a choice of mental states to show in making a case for liability . . . ."); *United States v. Horowitz*, 978 F.3d 80, 88 (4th Cir. 2020) (holding that the criminal standard for willful failure to file FBARs is higher than the civil standard); *United States v. Bohanec*, 263 F. Supp. 3d 881, 889 (C.D. Cal. 2016) (same). Furthermore, Mr. Kerr does not contest this point.

Instead, Mr. Kerr's only argument focuses on one jury instruction delivered at his criminal trial. The instruction required the jury find "the defendant had a financial interest in or signature or other authority over *a* bank, securities, or other financial account in a foreign country during each calendar year specified in Counts 6 through 9 of the indictment." (Doc. 20-2 at 15) (emphasis added). According to Mr. Kerr, the "broad

instruction to the jury to find Kerr guilty of Counts 6 and 7 if he failed to report even *one* bank, securities, or other financial account on his FBAR shows that it was not essential that the jury find that Kerr failed to report each and every" account.  (Doc. 20 at 5).

  *a. The Accounts Listed in the Indictment*

  The record shows the jury necessarily decided Mr. Kerr willfully failed to file FBARs for the four accounts listed in the Indictment.  The jury's verdict form specifies that Mr. Kerr is guilty "as charged in Count 6 of the Indictment" and guilty "as charged in Count 7 of the Indictment."  (Doc. 19-4 at 3–4).  The Indictment explicitly enumerated each account, except for the placeholder account, and Counts 6 and 7 note the "accounts" at the relevant Swiss banks.  (Doc. 19-3 at ¶¶ 11–13, 89–90).  The jury also considered detailed evidence on all four accounts.  (Docs. 19-6; 19-8; 19-9; 19-12).  And as to the jury instructions, the third and fourth instructions require a determination regarding the "accounts," in the plural.  (Doc. 20-2 at 15).  It is certainly not the case, as Mr. Kerr argues, that the jury's decision may have relied on only a single account.

  Furthermore, the policy considerations for this collateral estoppel element are satisfied.  The jury was able to carefully review evidence detailing each account listed in the Indictment.  *See Weems*, 49 F.3d at 532 (noting the importance of careful factfinder review for collateral estoppel).  And Mr. Kerr has been able to appeal his conviction and subsequent sentencing for when the jury found him guilty for Counts 6 and 7 as charged in the Indictment.  *See id.* at 534 (Norris, J., concurring) (noting the importance of preserving appellate review when deciding issues of collateral estoppel).  Therefore, the Court finds that the jury necessarily decided Mr. Kerr willfully failed to file FBARs for all four of the accounts referenced in Counts 6 and 7 of the Indictment, and Mr. Kerr will therefore be estopped from relitigating this issue.  All that remains to discuss is the fifth account, the placeholder.

  *b. The Placeholder Account*

  While the Court will grant Plaintiff's Motion with respect to the accounts listed in the Indictment, it will deny the Motion with respect to the placeholder account.  Plaintiff

argues collateral estoppel precludes deciding whether Mr. Kerr willfully failed to file an FBAR for the placeholder account because it was necessary to open other accounts listed in the Indictment. (Doc. 19 at 19). Although it may have been necessary to open the other accounts, here the Court finds that the jury did not necessarily decided that Mr. Kerr *willfully* failed to file an FBAR on this placeholder account. The placeholder was not listed in the Indictment, and the jury was not instructed to make a decision with regard to this particular account. Therefore, while the Court will preclude Mr. Kerr from challenging that he willfully failed to file FBARs with respect to the accounts listed in the prior Indictment and further specified in Counts 6 and 7, the Court will not preclude him from challenging whether he willfully failed to file an FBAR for the placeholder account.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgment on the Preclusion Issue (Doc. 19) is **granted** in part and **denied** in part as detailed above.

Dated this 1st day of March, 2021.

Honorable Diane J. Humetewa
United States District Judge