DAVID A. HUBBERT
Deputy Assistant Attorney General

JEREMY N. HENDON
CHARLES J. BUTLER
MATTHEW P. UHALDE
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
202-353-2466 (v)
202-307-0054 (f)
Jeremy.Hendon@usdoj.gov
Charles.J.Butler@usdoj.gov
Matthew.P.Uhalde@usdoj.gov

GARY M. RESTAINO
Acting United States Attorney
*Of Counsel*

*Attorneys for the United States of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    v.<br><br>Stephen M. Kerr,<br><br>    Defendant. | Case No. 2:19-cv-05432-DJH<br><br>**United States' Motion to Vacate Judgment and Remand Entire Penalty to the IRS** |

The Internal Revenue Service ("IRS") assessed Defendant Stephen M. Kerr yearly civil penalties under 31 U.S.C. § 5321(a)(5) for his willful failure to file an annual Report of Foreign Bank and Financial Accounts ("FBAR") reporting his interest in several foreign financial accounts during years 2007 and 2008. The IRS calculated each FBAR penalty amount on a per-year basis. Thus, there was one penalty amount for 2007, and another for 2008. Each separate penalty amount was based on amounts attributable to multiple foreign accounts that Kerr failed to report for each such year.

The Court properly granted the United States summary judgment finding that Kerr is liable for willful FBAR penalties for 2007 and 2008 and that the FBAR penalties do not violate the Eighth Amendment. The Court also determined that under administrative law principles it could not enter judgment in the corrected amount of the two yearly penalties that the United States put forth in its summary judgment motion because the amounts differed from the IRS's originally assessed yearly penalties. But instead of remanding the entire penalty for both years to the IRS for further investigation or explanation, the Court entered a partial judgment and remanded only a portion of the penalty, terminating the case in the same order. While the United States appreciates the Court's effort to narrow the issues in dispute, the United States respectfully submits that it was error for the Court to remand only a portion of the penalty to the IRS. Even if it were proper to break up the penalty for the two years in this manner and enter a partial judgment now, which the United States contends is not appropriate, the Court also erroneously omitted from the entered judgment mandatory statutory interest and failure to pay penalties under 31 U.S.C. § 3717(e)(1) and (2), as requested in the complaint and the United States' summary judgment motion, and erroneously terminated the case when the claim alleged in the Complaint has not been fully adjudicated.

For these reasons, the Court should vacate the judgment under Fed. R. Civ. P. 59 (including the termination of the case), remand the entire penalty to the IRS, and either require the parties to file status reports every 180 days or administratively close the case

pending completion of the remand, issuance of a corrected total penalty for both years by the IRS, and further action before the Court.

## BACKGROUND

The IRS assessed willful FBAR penalties against Kerr in the amounts of $2,911,251 for 2007 and $889,719 for 2008, a combined total of $3,800,970. (Doc. 46-36, Ex. 35 at 2). That amount was based on separate amounts attributable to (but not separately assessed for) all five foreign bank accounts that the IRS asserted Kerr had willfully failed to report: accounts ending -734, -962, -796, and -593 at Union Bank of Switzerland AG ("UBS") and account ending -531 at Pictet & Cie ("Pictet"). (Doc. 46-31, Ex. 30 at 8-9 and 16-17). Here, the IRS calculated the penalty for each year after considering facts related to these various different accounts. In other words, though the IRS did consider specific amounts passing through each account, no single account was considered in isolation in arriving at the final penalty total for each year.

The United States conceded in its summary judgment motion that based on available evidence in the administrative record, the IRS did not properly calculate the statutory maximum FBAR penalty for the two years and therefore the entire FBAR penalty should be reduced by $1,575,396 to $2,225,574. (Doc. 46 at 18-19; 20-21). As part of its summary judgment briefing, the United States did not argue that the amounts attributable to the account ending -734 for 2007, the account ending -962 for 2008, or the account ending -796 for 2008 were incorrect. (Doc. 46 at 18-19). In his motion for partial summary judgment, Kerr did not contest these amounts for these accounts which comprised part of the IRS's original assessment. (Doc. 47 at 23).

The Court first granted summary judgment that Kerr is liable for a penalty for willfully failing to file FBARs for 2007 and 2008 reporting his foreign accounts to the IRS. Next, based on there being no disagreement as to the account balances pertaining to three sub-amounts from the original assessment, the Court entered judgment in their combined amount, while remanding to the IRS the remainder of the original assessment (even corrected amounts attributable to certain accounts from the United States that Kerr

agreed with in his summary judgment response) for further investigation or explanation. (Doc. 55 at 7-17). Then, the Court ordered the Clerk of Court to take all necessary steps to remand the remaining portion of the penalty assessment to the IRS, to enter judgment against Kerr in the sub-amounts attributable to three of Kerr's foreign accounts for certain years, and to terminate this matter. (*Id.* at 17-18).

By partitioning the IRS's penalty assessment, which was the agency action being reviewed, and entering judgment with respect to only a part of that agency action that was not severable, the Court improperly substituted its judgment for that of the IRS with respect to a calculation of the entire penalty, which it said it cannot do. (*Id.* at 11). The United States therefore moves this Court for an order vacating the judgment entered on March 29, 2022 (Doc. 56) in its entirety, including the termination of this case, under Fed. R. Civ. P. 59 and entry of an order remanding the entire penalty to the IRS for further investigation or explanation and either requiring status reports from the parties at regular intervals or administratively closing the case while the remand occurs.

## LEGAL STANDARD FOR MOTIONS UNDER FED. R. CIV. P. 59

Rule 59(e) provides that a motion to amend or alter a judgment must be filed within 28 days after entry of the judgment being challenged. Rule 59(e) "permits a district court to reconsider and amend a previous order." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly-discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Weaver v. California Corr. Inst.*, No. 1:06-cv-1095 AWI DLB, 2007 WL 4554172, at *1 (E.D. Cal. Dec. 20, 2007) (citing *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001); *School Dist. No. 1J Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). "Rule 59(e) is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Id.* (quoting *Kona Enters., Inc.*, 229 F.3d at 890). Here, this motion is based on the Court committing clear error.

## ARGUMENT

1. *Once the Court determined that the IRS erred in determining the amount of the penalty and that no exception to remand applied, the Court should have remanded the entire penalty to the IRS.*

Although the United States appreciates that the Court has entered a partial judgment in its favor, under the Administrative Procedures Act ("APA"), 5 U.S.C. § 702, *et seq.*, that action at this point in the case was in error. The United States agrees that in its summary judgment motion it set forth, and sought judgment for, a penalty amount that differed from what the IRS originally assessed against Kerr. The United States further agrees that under normal APA procedures, a remand would be necessary. Even so, the United States had argued that the Court need not order a remand, however, because the useless formality exception to a remand under the APA applies. The Court did not agree (Doc. 55 at 8-12) and, for purposes of this motion, the United States does not challenge the Court's determination that such exception does not apply in this case. However, once the Court decided that a remand was necessary, it should have remanded the entire penalty.

In its decision, the Court noted that under APA caselaw, including the recent FBAR decision by the Eleventh Circuit in *United States v. Schwarzbaum*, 24 F.4th 1355 (11th Cir. 2022), because the United States was requesting a judgment in a corrected amount and not what the IRS had originally assessed, and the fact that the IRS may reach a different result when it recalculates the yearly FBAR penalties here in accordance with the FBAR penalty statute, remand was required. (Doc. 55 at 10-12); *see also Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1905-09 (2020); *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). Instead of doing that, however, the Court entered judgment for a portion of the yearly penalties at issue on an account-by-account basis where that was not how the IRS calculated and imposed the yearly penalties. Then the Court remanded the remainder of the yearly penalties to the IRS. By doing so, the Court substituted its own judgment for that of the IRS in entering a judgment in a portion of the penalty amounts while also finding problems with the

remainder of the penalty amounts and remanding that to the IRS, something the Court specifically noted that it was not allowed to do under the APA. (*Id.* at 11).

Once the Court determined that the IRS erroneously calculated the yearly penalties and rejected the United States' argument that the useless formality exception to a remand applied, it was required to remand the entire penalty calculation to the IRS. *Fed. Power Comm'n v. Idaho Power Co.*, 344 U.S. 17, 20-21 (1952) (the function of a reviewing court ends when "an error of law is laid bare" and courts must remand to agencies instead of performing "administrative functions"). This would be true no matter how the IRS calculated the penalty. Thus, the Court should not have entered judgment as to a portion of the penalty and remanded only the remainder.

This error regarding general administrative law principles and the reason an alternative approach would be problematic is demonstrated through the facts of this case. Here, the IRS made penalty assessments for 2007 and 2008 that were based on amounts for each account for each year that Kerr failed to disclose the account. Contrary to what Kerr argued, there were not multiple, separate per-account assessed penalties that the Court was asked to review. There were only two FBAR penalties, one for 2007 and one for 2008, that the Court was asked to review. The Court appears to have mistakenly believed that there were separately assessed penalties for each account for each year that it was reviewing as shown by several statements:

- "The Court notes that there is no dispute that the IRS correctly calculated the penalties for the Placeholder Account (-734) in the 2007 reporting year, and the -962 and -796 accounts for the 2008 reporting year." (Doc. 55 at 7);
- "The penalty for the Placeholder account is $40,985. The penalty for the -962 account for 2008 is $100,000. And the penalty for the -796 account for 2008 is $100,000." (*Id.*)
- "The only remaining penalty to discuss is the penalty assessed on the -962 account during the 2007 reporting year…." (*Id.* at 12);
- "Without an explanation, the Court finds that the means by which the IRS calculated the penalty for the -962 Account for the 2007 reporting year was arbitrary." (*Id.*);
- "The Court remands the majority of the penalties assessed by the IRS for further investigation or explanation, with the exception of the penalties

5

      assessed for the Placeholder Account (-734) in the 2007 reporting year, and the -962 and -796 accounts for the 2008 reporting year." (*Id.* at 17); and

- "the Clerk of the Court shall take all necessary steps to remand to the IRS for further investigation or explanation the following assessments of the following penalty amounts . . . The -962 account for the 2007 reporting year . . . The -796 account for the 2007 reporting year . . . The -593 account for the 2007 and 2008 reporting years . . . and The -531 account for the 2007 and 2008 reporting years." (*Id.*).

The Court, relying on *Schwarzbaum*, specifically noted that the IRS may reach a different result when it recalculates the penalties on remand and that was why remand was required. (*Id.* at 10-11). Thus, on remand the IRS can recalculate the penalties at issue here in any manner so long as it is in accordance with the FBAR penalty statute and regulations. (*Id.* at 10). That would necessarily include all amounts that the IRS has previously reviewed and attributed to each of Kerr's foreign accounts. Thus, entering judgment in partial amounts now was in error, not only on the facts before the Court, but also because it usurped an administrative function. As the Court correctly noted, the IRS must decide the penalty amounts in the first instance and the Court's role is to review those penalty amounts, *i.e.*, the agency action. (*Id.* at 12). On remand, the IRS can recalculate the penalty for 2007 and 2008 following the guidance provided by the Court.

Thus, the Court committed clear error by entering judgment for a portion of the yearly penalties and remanding the remainder of the yearly penalties back to the IRS rather than remanding the entire penalty for both years to the IRS. The Court therefore should vacate the judgment and remand the entire penalty for 2007 and 2008 to the IRS.

2.   *The Court further erred in not providing for mandatory statutory interest and other statutory accruals in the judgment.*

The judgment also erroneously failed to include mandatory statutory interest under 31 U.S.C. § 3717(a), late payment penalties under 31 U.S.C. § 3717(e)(2), and potential other collection related fees under 31 U.S.C. § 3717(e)(1). Those additions to the FBAR

penalties were included as part of the United States' claim in paragraphs 43-47 of the Complaint as well as requested in the United States' Motion for Summary Judgment.[1]

None of these additions, nor a provision for post-judgment interest and accruals, are mentioned or provided for in the Court's summary judgment Order or judgment even though they are mandatory statutory additions, once a federal debt is established and allowed, to which there is no defense. *See* 31 U.S.C. § 3717(a) ("The head of an executive, judicial, or legislative agency *shall* charge a minimum annual rate of interest on an outstanding debt on a United States Government claim owed by a person . . .") (emphasis added); 31 U.S.C. § 3717(e) ("The head of an executive, judicial, or legislative agency *shall* assess on a claim owed by a person-- (1) a charge to cover the cost of processing and handling a delinquent claim; and (2) a penalty charge of not more than 6 percent a year for failure to pay a part of a debt more than 90 days past due.") (emphasis added).

Neither the Court nor the Department of the Treasury has discretion to reduce the amount of interest, late fees, or late penalties owed by a person against whom the IRS has assessed a FBAR penalty. *United States v. Toth*, Civil Action No. 15-cv-13367-ADB, 2020 WL 5549111, at *8n.8 (D. Mass. Sept. 16, 2020) (citing *United States v. Texas*, 507 U.S. 529, 536 (1993)), *appeal docketed*, No. 21-1009 (1st Cir. Jan. 11, 2021). The Ninth Circuit has held that if a federal statute provides for pre-judgment interest, the court lacks discretion regarding the award of pre-judgment interest. *Purcell v. United States*, 1 F.3d 932, 943 (9th Cir. 1993) ("The district court thus was faced with a binding statutory directive to allow interest to the government as of the time notice and demand was made upon Purcell. The court was not required—indeed, was not permitted—to exercise its discretion regarding the award of interest.") Further, "postjudgment interest on a district

---

[1] The United States stated in its motion that if the Court granted the United States summary judgment in its requested reduced total penalty amount for both years, then the parties could either stipulate to the amount of the judgment (including the statutory interest and other statutory accruals) or the parties could file supplemental briefs on that issue. (Doc. 46 at 20).

court judgment is mandatory." *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1995). Thus, it was clear error not to include these amounts in the judgment and the judgment should therefore be vacated for this reason as well.[2] These mandatory additions to the total FBAR penalty in this case can be addressed when the corrected yearly FBAR penalties returns to this Court after remand.

3. *Since there is still a portion of the United States' claim that has not been finally adjudicated, it was also error for the Court to direct the Clerk of Court to terminate this matter.*

In its complaint, the United States seeks entry of a judgment in a sum certain against Kerr for willful FBAR penalties for 2007 and 2008. *See* Complaint, ¶¶ 43-47. By ordering a remand of a portion of the yearly penalties, that necessarily means that the United States' claim seeking a judgment for the yearly FBAR penalties is still a live claim. As such, the case should not have been closed. *See Metro. Life Ins. Co. v. Prewitt*, No. 18-CV-81402, 2019 WL 7371837, at *1 (S.D. Fla. Sept. 9, 2019) (finding that the court's prior judgment "erroneously ordered that the case be closed, despite the existence of live, unresolved claims"). Thus, the Court further erred by directing the Clerk of Court to terminate this matter and the Clerk terminating the case. Once the judgment and termination of the case are vacated, the Court should enter an order remanding the entire penalty for 2007 and 2008 to the IRS and requiring the parties to file status reports every 180 days.[3]

---

[2] The parties disagree as to when these statutory interest and other accruals under 31 U.S.C. § 3717 will begin to accrue on any corrected penalty assessment. Kerr erroneously believes the accrual date restarts since the IRS corrects the amount of the penalty assessment. Kerr is wrong because the corrected assessment on remand is not a new assessment and thus the original accrual date is still used for purposes of Section 3717 additions. *See, e.g. United States v. Kaufman*, 3:18-CV-00787 (KAD), 2022 WL 19334, at *2-3 (D. Conn. Jan. 3, 2022) (finding that the starting date for statutory interest and other accruals under Section 3717 does not change if the Court enters judgment for an FBAR penalty amount different than what the IRS originally assessed).

[3] Instead of setting status report deadlines, however, the Court could enter an order administratively closing this case because "[a]n order administratively closing a case is a docket management tool that has no jurisdictional effect." *Dees v. Billy*, 394 F.3d 1290, 1294 (9th Cir. 2005). That way there can be no confusion whether the Court still retains jurisdiction to review the yearly FBAR penalties (after the IRS concludes its work on remand) and enter a judgment thereafter as requested in the Complaint.

**CONCLUSION**

For the foregoing reasons, the Court should vacate the judgment entered on March 29, 2022 (Doc. 56) in its entirety and (1) enter an order remanding the FBAR penalties for 2007 and 2008 to the IRS and making clear that the matter is officially remanded to the IRS upon entry of the order, (2) enter an order vacating the termination of this case, and (3) either administratively close the case or order the parties to file status reports every 180 days until the matter returns to this Court after the IRS completes its corrected calculation on remand.

Dated: April 25, 2022.

DAVID A. HUBBERT
Deputy Assistant Attorney General

/s/ Jeremy N. Hendon
JEREMY N. HENDON
CHARLES J. BUTLER
MATTHEW P. UHALDE
Trial Attorneys, Tax Division
U.S. Department of Justice

GARY M. RESTAINO
Acting United States Attorney
*Of Counsel*

*Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing has been made this 25th day of April, 2022 via the Court's CM/ECF system to:

Brandon A. Keim          bkeim@frgalaw.com, mnorthcott@frgalaw.com

/s/ Jeremy N. Hendon
JEREMY N. HENDON
Trial Attorney, Tax Division
U.S. Department of Justice