Brandon A. Keim (028831)
bkeim@frgalaw.com
**Frazer Ryan Goldberg & Arnold LLP**
1850 North Central Avenue, Suite 1800
Phoenix, AZ 85004
(602) 200-7399

*Attorneys for Defendant Stephen M. Kerr*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>v.<br><br>Stephen M. Kerr,<br><br>  Defendant. | Case No. 2:19-cv-05432-DJH<br><br>**Kerr's Response to United States' Motion to Vacate Judgment and Remand Entire Penalty to the IRS** |

    The United States urges the Court to vacate judgment because it alleges that the Court committed clear error in three ways: First, the United States claims that the IRS assessed the FBAR penalties on a per-year basis, and therefore, it was clear error for the Court to remand only the portion of the FBAR penalties to the IRS that the United States either conceded were incorrect, or that the Court found were arbitrary, rather than all FBAR penalties. The United States' argument rests on the premise that the IRS assessed FBAR penalties on a per-year basis, rather than a per-account, per year basis, but the IRS's official assessment records (Forms 13448) specify that the FBAR penalties were assessed on a per-account, per-year basis. Accordingly, it was not clear error for the Court to enter judgment against Kerr as it relates to three of the specified penalties

(totaling $240,985) upon the Court's finding that the penalties were not arbitrary, that Kerr was willful in failing to report the underlying accounts, and that the penalties were not unconstitutionally excessive.

Next, in an apparent bid to avoid a future statute of limitations argument upon any new IRS action (assuming there will be new IRS action), the United States alleges that the Court committed clear error when it directed the Clerk of the Court to terminate this matter while remand is pending. Retaining jurisdiction during remand is akin to remand *without* vacatur. Remand *with* vacatur is the default rule in the Ninth Circuit in an APA action, and because the United States never sought remand *without* vacatur, or established that the circumstances require it, the Court did not commit clear error when it remanded the unlawful penalties to the IRS and terminated jurisdiction.

Finally, the United States asserts that it was clear error for the Court to omit mandatory statutory interest under 31 U.S.C. § 3717(a), late payment penalties under 31 U.S.C. § 3717(e)(2), and potential other collection fees under 31 U.S.C. § 3717(e)(1) for the three FBAR penalties for which judgment was entered. Kerr agrees. Upon finding that the three penalties ($40,985 for the -734 account for 2007, $100,000 for the -962 account for 2008, and $100,000 for the -796 account for 2008) were not arbitrary, that Kerr was willful in failing to report the underlying accounts, and that the penalties were not unconstitutionally excessive, the Court should have included any mandatory statutory interest under 31 U.S.C. § 3717(a), late payment penalties under 31 U.S.C. § 3717(e)(2), and potential other collection fees under 31 U.S.C. § 3717(e)(1) for such penalties as alleged in the United States' Complaint and Motion for Summary Judgment. These calculations are relatively simple, and Kerr supports the United States' suggestion in its Motion for Summary Judgment that the parties may stipulate to such amounts for inclusion in an amended judgment, and if a stipulation cannot be reached, that the parties file supplemental briefs to layout their calculations. Because interest and penalties

continue to accrue notwithstanding any potential appeal, Kerr requests that the Court expeditiously determine such amounts and enter an amended judgment.

## ARGUMENT

It is appropriate for a court to amend or vacate a judgment under Rule 59(e) if: "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). The United States asserts that the Court committed clear error necessitating an amended or vacated judgment. Although Kerr agrees that the judgment should be amended to include statutory interest, late payment penalties, and potential other collection fees for the three FBAR penalties that the Court found were not arbitrary, as described above, Kerr disputes that the Court committed clear error when it remanded only those penalties that were arbitrary to the IRS and terminated jurisdiction.

**A.   The IRS assessed penalties on a per-account, per-year basis, and therefore, it was not clear error for the Court to enter judgment for those penalties that it found were correctly determined and remand those penalties that it found (and the United States conceded) were unlawfully determined.**

The United States' argument that the Court should have remanded all the FBAR penalties to the IRS rests on the premise that the IRS assessed FBAR penalties on a per-year basis, rather than a per-account, per year basis. But the IRS's official assessment records (Forms 13448) specify that the FBAR penalties were assessed on a per-account, per-year basis. The United States' argument is frivolous.

Leah Smith-Pope, Department Manager of IRS CTR Operations, certified on December 21, 2017, that FBAR penalties were assessed against Kerr in amounts that were specific to each foreign bank account and for each calendar year as designated on "Form 13448 Penalty Assessment Certification (Title 31 'FBAR')."

The 2007 assessments are shown below:

3

**Form 13448 Penalty Assessment Certification (Title 31 "FBAR")**

Case Name: STEPHEN M KERR    SSN/EIN: [redacted]    Calendar Year: 12/31/2007

| Proposed Penalty: | | Foreign Account Number(s) | Foreign Bank: |
|---|---|---|---|
| 1. Willful Failure to Report - 31 USC 5321 (a)(5) | $378,117.00 | [redacted]962 | UBS |
| 1. Willful Failure to Report - 31 USC 5321 (a)(5) | $718,085.00 | [redacted]796 | UBS |
| 1. Willful Failure to Report - 31 USC 5321 (a)(5) | $1,523,303.00 | [redacted]593 | UBS |
| 1. Willful Failure to Report - 31 USC 5321 (a)(5) | $40,985.00 | [redacted]734 | UBS |
| 1. Willful Failure to Report - 31 USC 5321 (a)(5) | $250,761.00 | [redacted]531 | PICTET & CIE |

I certify that the penalty of the above classes and amounts, hereby assessed, are specified in supporting records, subject to such correction as subsequent inquiries and determinations in respect hereto may indicate to be proper.

[signature]    Thursday, December 21, 2017

CTR OPERATIONS DEPARTMENT MANAGER

(Doc. 46-7 at 3.)

The 2008 assessments are shown below:

**Form 13448 Penalty Assessment Certification (Title 31 "FBAR")**

Case Name: STEPHEN M KERR    SSN/EIN: [redacted]    Calendar Year: 12/31/2008

| Proposed Penalty: | | Foreign Account Number(s) | Foreign Bank: |
|---|---|---|---|
| 1. Willful Failure to Report - 31 USC 5321 (a)(5) | $100,000.00 | [redacted]962 | UBS |
| 1. Willful Failure to Report - 31 USC 5321 (a)(5) | $100,000.00 | [redacted]96 | UBS |
| 1. Willful Failure to Report - 31 USC 5321 (a)(5) | $485,597.00 | [redacted]593 | UBS |
| 1. Willful Failure to Report - 31 USC 5321 (a)(5) | $204,122.00 | [redacted]531 | PICTET & CIE |

I certify that the penalty of the above classes and amounts, hereby assessed, are specified in supporting records, subject to such correction as subsequent inquiries and determinations in respect hereto may indicate to be proper.

[signature]    Thursday, December 21, 2017

CTR OPERATIONS DEPARTMENT MANAGER

(Doc. 46-7 at 4.)

According to the IRS's policy manual, the IRS's designated official "completes the assessment using Form 13448, Penalty Assessments Certification Summary (Title 3 'FBAR')." IRM 4.26.17.4.3(8)(b) (12-11-2019). FBAR penalties are assessed on "the date that the IRS designated official stamps Form 13448, Penalty Assessment Certification Summary (Title 31 "FBAR")." IRM 4.26.17.3.1.2(2) (12-11-2019). In Kerr's case, the IRS's designated official declared that the FBAR penalties specified on a per-account, per-year basis were "hereby assessed." (Doc. 46-7 at 3, 4.)

Form 13448 "functions in the same way as Form 23C, Assessment Certificate – Summary Record of Assessments." *Id.* In Title 26 tax matters, "the IRS makes assessments by having an assessment officer fill out and sign a 'summary record of assessment,' also known as a Form 23C." *Huff v. United States*, 10 F.3d 1440, 1446 (9th Cir. 1993). The Form 23C is the assessment record in a tax case, *id.*, just as a Form 13448 is the assessment record in an FBAR case, IRM 4.26.17.4.3(8)(b) (12-11-2019).

The United States has not provided nor cited any evidence to establish that Kerr's FBAR penalties were assessed on a per-year basis, rather than a per-account, per-year basis as shown in the IRS's assessment records. The United States makes no attempt to reconcile its argument with the Forms 13448 in this case, and it appears to be nothing more than a frivolous argument designed to entice the Court to retain jurisdiction over this matter.

It was not clear error for the Court to enter judgment against Kerr as it relates to three of the specified penalties (totaling $240,985) upon the Court's finding that the penalties were not arbitrary, that Kerr was willful in failing to report the underlying accounts, and that the penalties were not unconstitutionally excessive, and to remand the remaining penalties that it determined were arbitrary to the IRS.

B. **The default rule in the Ninth Circuit is remand *with* vacatur in an APA action, and because the United States never sought remand *without* vacatur, or established that the circumstances require it, the Court did not commit clear error when it remanded the unlawful penalties to the IRS and terminated jurisdiction.**

The United States alleges that the Court committed clear error when it directed the Clerk of the Court to terminate this matter because a remand had not yet concluded. The United States is wrong. Where agency action is found to be unlawful, vacatur is the presumptive remedy. 5 U.S.C. § 706(2) (courts shall "hold unlawful and set aside" agency action that is arbitrary, capricious, or contrary to law). Upon determining that certain FBAR penalties were unlawful, the Court properly followed the default rule to remand with vacatur by entering judgment for the penalties lawfully determined, remanding the rest, and terminating jurisdiction.

A court's decision to retain jurisdiction during remand is akin to remand to an agency without vacatur and involves the same analysis. *Wood v. Burwell*, 837 F.3d 969, 976 (9th Cir. 2016). The Ninth Circuit remands agency actions without vacating that action only in "limited circumstances." *Pollinator Stewardship Council v. EPA*, 806 F.3d 520, 532 (9th Cir. 2015) (quoting *Cal. Cmtys. Against Toxics v. EPA*, 688 F.3d 989, 994 (9th Cir. 2012)); *see Wood*, 837 F.3d at 975-76 (recognizing that remand without vacatur is a remedy "used sparingly"); *California by & through Becerra v. U.S. Dep't of the Interior*, 381 F. Supp. 3d 1153, 1178 (N.D. Cal. 2019) ("Vacatur is the 'standard remedy' when a court concludes that an agency's conduct was illegal under the APA.")

The United States did not request the extraordinary relief of remand without vacatur in this case, and it is not entitled to it now after judgment has been entered. *See Humane Soc'y of U.S. v. Locke*, 626 F.3d 1040, 1053 n.7 (9th Cir. 2010). Even if the Court were inclined to consider the United States' late request for remand without vacatur, the circumstances do not justify the extraordinary remedy.

In deciding whether to grant the extraordinary remedy of remand without vacatur, the court considers both "the seriousness of the agency's errors" and the "disruptive consequences of an interim change that may itself be changed." *Pollinator*, 806 F.3d at 532. Remand without vacatur is appropriate only where vacatur could cause irreparable harm (often to the environment) or disruptive consequences in a regulated market. *See, e.g., Cal. Communities Against Toxics v. EPA*, 688 F.3d 989, 994 (9th Cir. 2012) ("economically disastrous" disruption to power supply); *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1405-06 (9th Cir. 1995) (extinction of a species). Here, the IRS's errors are serious—the United States eventually conceded that more than 40% of the $3.8 million in penalties were unlawful—and there is no risk of harm to anyone, much less the kind of irreparable harm that can justify remand without vacatur. Accordingly, remand without vacatur is not appropriate.

In *United States v. Schwarzbaum*, No. 18-CV-81147, 2022 WL 1551843, at *1 (S.D. Fla. May 17, 2022), a district court recently retained jurisdiction while remanding an FBAR penalty calculation to the IRS. That district court's opinion is not instructive here, however, because it relied on Eleventh Circuit cases, *Taylor v. Heckler*, 778 F.2d 674 (11th Cir. 1985) and *Druid Hills Civic Ass'n, Inc. v. Fed. Highway Admin.*, 833 F.2d 1545 (11th Cir. 1987), in which the Eleventh Circuit confirmed that it treats all remand orders in Social Security cases as interlocutory orders, rather than final judgments. The Ninth Circuit does not share the same view. *See Stone v. Heckler*, 722 F.2d 464, 467-468 (9th Cir. 1983). Even if it did, the district court in *Schwarzbaum* apparently gave no consideration to whether it should rely on Social Security cases to decide whether to retain jurisdiction in an APA challenge where the Eleventh Circuit recognizes that "vacatur ... is the ordinary APA remedy." *Black Warrior Riverkeeper, Inc. v. U.S. Army Corps of Engineers*, 781 F.3d 1271, 1290 (11th Cir. 2015). Presumably, the

*Schwarzbaum* district court could have retained jurisdiction with the analysis deployed by the Ninth Circuit if it found that the seriousness of the IRS's errors were slight because the district court was able to redetermine the same penalties that the IRS calculated using a different methodology. But that does not hold true in this case because the United States has conceded that more than 40% of the $3.8 million in penalties calculated by the IRS are indefensible. Moreover, the request that the district court in *Schwarzbaum* retain jurisdiction was seemingly timely, whereas here, the United States' request comes for the first time through a Rule 59 motion. The United States cannot show that the Court committed clear error in applying the Ninth Circuit's default rule of remand with vacatur when the United States did not even request that the Court deploy such an extraordinary remedy, and even if it had requested the remedy, it has not shown that the circumstances justify such a remedy in this case.

## CONCLUSION

Based on the foregoing, this Court should:

(a) Grant the United States' motion to alter the judgment to include mandatory statutory interest under 31 U.S.C. § 3717(a), late payment penalties under 31 U.S.C. § 3717(e)(2), and potential other collection fees under 31 U.S.C. § 3717(e)(1) for three penalties ($40,985 for the -734 account for 2007, $100,000 for the -962 account for 2008, and $100,000 for the -796 account for 2008); and

(b) Deny the United States' motion insofar as it requests that the Court remand all FBAR penalties to the IRS and retain jurisdiction.

RESPECTFULLY SUBMITTED this this 25th day of May, 2022.

    /s/ Brandon A. Keim
    Brandon A. Keim (028831)
    **FRAZER RYAN GOLDBERG & ARNOLD LLP**
    1850 N. Central Ave, Suite 1800
    Phoenix, AZ 85004
    Phone: 602-200-7399; Fax: 602-792-7234
    E-mail: bkeim@frgalaw.com

    *Attorneys for Defendant Stephen M. Kerr*

### CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing is made this 25th day of May, 2022, via the Court's ECF system to all counsel of record.

    /s/ Brandon A. Keim
    BRANDON A. KEIM

    *Attorneys for Defendant Stephen M. Kerr*