**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-19-05432-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Stephen M Kerr, | |
| Defendant. | |

Plaintiff United States of America ("Plaintiff") filed a Motion for Reconsideration under Rule 59 of the Federal Rules of Civil Procedure, which it titled "Motion to Vacate Judgment and Remand Entire Penalty to the IRS." (Doc. 57).[1] Rule 59(e) allows a movant to alter or amend a judgment under limited circumstances. Fed. R. Civ. P. 59(e). This case concerns the partial judgment for Internal Revenue Service ("IRS") penalties that this Court issued against Defendant Stephen Kerr ("Mr. Kerr"). To determine whether Plaintiff is entitled to post-judgment relief, the Court must consider whether it erred in entering partial judgment and remanding only a portion of Mr. Kerr's penalties to the IRS instead of remanding the penalties in its entirety. For the following reasons, the Court grants in part and denies in part Plaintiff's Motion for Reconsideration.

/ / /

/ / /

---

[1] The Motion is fully briefed. Defendant Stephen Kerr filed a Response (Doc. 59), and Plaintiff filed a Reply (Doc. 60).

## I. Background[2]

This Order first provides an overview of Mr. Kerr's 2013 criminal case, which implicates his liability for civil penalties when failing to submit certain mandatory reports to the IRS. It then summarizes the Court's prior findings on the parties' motions for summary judgment.

### A. The 2013 Criminal Trial

This matter concerns Mr. Kerr's civil penalties for failing to file Reports of Foreign Bank and Financial Accounts ("FBARs") with the IRS (the "FBAR penalties"). United States residents or citizens who have a foreign bank account worth more than $10,000.00, such as Mr. Kerr, are required to file an FBAR every year with the IRS. 31 U.S.C. § 5314; 31 C.F.R. §§ 1010.350, 1010.306(c).

In a related 2013 criminal case (the "2013 Criminal Trial"), Mr. Kerr was convicted of willfully failing to file FBARs for five Swiss bank accounts (the "Five Accounts") in the 2007 and 2008 reporting years. *See United States v. Kerr*, 2013 WL 4430917, at *14 (D. Ariz. Aug. 16, 2013) (denying motion for judgment of acquittal or, in the alternative a new trial), *aff'd United States v. Quiel*, 595 F. App'x 692, 694 (9th Cir. 2014). Although the Indictment only listed four bank accounts ending in "-962," "-796,""-593," and "-531," the jury was also presented with evidence regarding a fifth account ending in "-734." (Docs. 19-6; 19-7; 19-8; 19-9; 19-12). This fifth account was a "Placeholder Account,[3]" meaning it would not have been possible to open some of the other accounts listed in the Indictment without it. (Docs. 26 at 2; 19 at 9).

On appeal, the Ninth Circuit affirmed the district court's decision to deny Mr. Kerr's motion for new trial or evidentiary hearing. *Quiel*, 595 F. App'x at 696 (affirming Mr. Kerr's conviction for failing to file FBARs); *United States v. Kerr*, 709 F. App'x 431, 433–34 (9th Cir. 2017).

---

[2] The Court's prior Orders contain extensive background sections, and the Court will not repeat it here. (Docs. 26 at 1–4; 55 at 1–2).

[3] The -734 account was used to deposit 100,000 Swiss Francs with the Union Bank of Switzerland AG ("UBS"), which Swiss law required before opening a capital deposit account. (Doc. 26 at 2).

The IRS assessed FBAR penalties on Mr. Kerr for willfully failing to file his FBARs in the 2007 and 2008 reporting years (the "IRS's Original Assessment") (Doc. 46-31). Therein, the IRS considered the Five Accounts and calculated nine FBAR penalties totaling $3.8 million against Mr. Kerr. (Docs. 46-31 at 16–17; 46-7). These penalties comprised of the 2007 and 2008 reporting year FBAR penalties for the -962, -796, -593, and -531, bank accounts, and a 2007 reporting year FBAR penalty for the Placeholder Account. (*Id*.)

### B. The Procedural History of the Present Matter

In 2019, Plaintiff filed the present civil action seeking to recover over $4.2 million due to late payment fees and interest. (Doc. 1 at ¶ 47). Below is a summary of the Court's prior orders, to date.

#### 1. The Court's March 2021 Order

Plaintiff filed its First Motion for Partial Summary Judgment (Doc. 19) regarding the 2013 Criminal Trial's preclusive effect on this matter. It argued the 2013 Criminal Trial decided that Mr. Kerr willfully failed to file FBARs for all Five Accounts assessed by the IRS, and so Mr. Kerr was precluded from litigating the issue.

The Court granted in part and denied in part Plaintiff's First Motion for Partial Summary Judgment. (*See generally* Doc. 26). The Court agreed that, under the doctrine of collateral estoppel, Mr. Kerr was estopped from relitigating the issue of liability in respect to the four bank accounts listed in the Indictment. (*Id*. at 5). However, the Court found Mr. Kerr was not precluded from challenging whether he willfully failed to file an FBAR for the Placeholder Account. (*Id*. at 6).

#### 2. The Court's March 2022 Order

Later, the parties each filed cross Motions for Summary Judgment. In its Second Motion for Summary Judgment (Doc. 46), Plaintiff argued Mr. Kerr willfully failed to file an FBAR for the Placeholder Account. Plaintiff also conceded it could not seek the $3.8 million in the IRS's Original Assessment because the IRS erred in calculating this figure.[4]

---

[4] In preparing its Original Assessment, "the IRS believed that the available bank statements did not list an account balance on the precise date of the filing deadline for any of the [Five A]ccounts." (Doc. 46 at 17). Thus, the IRS "estimated the account balances on the filing deadlines using, as the best available evidence, [which was] the year-end balances for the

(*Id*. at 17–19).  Accordingly, Plaintiff provided its Corrected Assessment and sought a corrected judgment[5] enforcing $2,225,574.00 in civil penalties against Mr. Kerr based on all Five Accounts ("Plaintiff's Corrected Assessment") (*Id*. at 18–19).

In his Second Motion for Partial Summary Judgment (Doc. 47), Mr. Kerr argued the IRS's Original Assessment should be remanded to the IRS for further investigation or explanation.  To prove the errors in the IRS's Original Assessment, Mr. Kerr provided his own corrected assessment[6] ("Mr. Kerr's Corrected Assessment") (*Id*. at 23).  Mr. Kerr also contested he did not willfully fail to file an FBAR for the Placeholder account and so the FBAR penalties violated the Eighth Amendment's excessive fine clause.  (Doc. 55 at 2–3).

The Court granted in part and denied in part the parties' respective Motions for Summary Judgment (Doc. 55).  As to Mr. Kerr's liability, it found there was no genuine dispute that Mr. Kerr willfully failed to file an FBAR for the Placeholder Account.  (*Id*. at 6).  Therefore, incorporating the findings of its prior Order, the Court held that Mr. Kerr is liable under 31 U.S.C. § 5321(a)(5) for willfully failing to file FBARs for all Five Accounts.  (*Id*.)

As to Mr. Kerr's civil penalties, the Court considered whether remand to the IRS was proper under Section 702 of the Administrative Procedures Act ("APA").  *See* 5 U.S.C. § 702 (establishing presumption of judicial review for agency actions).  The Court compared the parties' respective Corrected Assessments with the IRS's Original Assessment to assess the nine FBAR penalties at issue:

---

year to be reported." (*Id*).  "A subsequent review of the administrative record [] revealed that the IRS erred in determining that the available bank statements did not include a balance on the FBAR filing deadline for any of the accounts." (*Id*.)  Plaintiff "therefore concede[d] that the Court cannot uphold the penalty amount originally assessed, because the IRS did not calculate the statutory maximum using all the best evidence available to her at that time." (*Id*. at 19).

[5] In preparing its Corrected Assessment, Plaintiff used the Five Account balances based "on the FBAR filing deadline, or information that the one account closed before the FBAR filing deadline, that was available to [the IRS] at the time it assessed the willful FBAR penalties at issue.  (Doc. 46 at 14).

[6] In preparing his Corrected Assessment, Mr. Kerr traced the Five Account's statements and respective stock valuations on the FBAR filing deadline.  (Doc. 47 at 20–22).

| Account | Reporting Year | Plaintiff's Corrected Assessment | Defendant's Corrected Assessment | Original Assessment |
|---|---|---|---|---|
| -962 | 2007 | $378,117.00 | $277,285.00 | $378,117.00 |
|  | 2008 | $100,000.00 | $100,000.00 | $100,000.00 |
| -796 | 2007 | $467,200.00 | $487,694.00 | $718,085.00 |
|  | 2008 | $100,000.00 | $100,000.00 | $100,000.00 |
| -593 | 2007 | $555,450.00 | $506,150.00 | $1,523,303.00 |
|  | 2008 | $100,000.00 | $485,597.00 | $485,597.00 |
| -531 | 2007 | $438,593.00 | $250,761.00 | $250,761.00 |
|  | 2008 | $45,229.00 | $45,229.00 | $204,122.00 |
| -734 | 2007 | $40,985.00 | $40,985.00 | $40,985.00 |
| Total |  | $2,225,574.00 | $2,293,701.00 | $3,800,970.00 |

(Docs. 55 at 7; 46-31 at 16–17; 46 at 18–19; 47 at 23).[7] As noted in the Court's visual comparison, it concluded that there was no dispute the IRS's Original Assessment correctly calculated the following three FBAR penalties[8]: (1) the $100,000.00 penalty for the -962 account in the 2008 reporting year; (2) the $100,000.00 penalty for the -796 account in the 2008 reporting year; and (3) the $40,985.00 penalty for the Placeholder Account in the 2007 reporting year. (*Id*. at 7) (citing (Docs. 46 at 18; 47 at 23)).

Accordingly, the Court ordered the Clerk of Court to enter a partial judgment for $240,985.00 in FBAR penalties against Mr. Kerr in accordance with the IRS's Original Assessment. (Docs. 55 at 17; 56). The Court, however, remanded the remaining six disputed FBAR penalties to the IRS for further investigation or explanation under Section 706 of the APA. (*Id*.) Plaintiff now moves to (1) vacate the Court's partial judgment entered against Mr. Kerr and (2) remand *all* FBAR penalties to the IRS for further investigation or explanation.

**II.     Legal Standard**

Federal Rule of Civil Procedure 59 provides that a party may move "to alter or amend a judgment" within 28 days after judgment is entered. Fed. R. Civ. P. 59(e). Because Rule 59(e) does not identify "specific grounds for a motion to amend or alter . . . ,

---

[7] The -734 account is the Placeholder Account, which was only assessed for the 2007 reporting year.

[8] The Court acknowledges that in its March 2022 Order, it characterized Mr. Kerr's civil penalties from 2007-2008 as nine separate penalties for each of his foreign bank accounts.

the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron,* 634 F.3d 1101, 1111 (9th Cir. 2011) (internal quotation marks and citation omitted). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Id.* (citation omitted).

Rule 59 motions "offer[] an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Parties may not use this process "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n.5 (2008); *see also Bollenbacher v. Comm'r of Soc. Sec.*, 621 F. Supp. 2d 497, 501 (N.D. Ohio 2008) (stating that a Rule 59(e) "motion is not a substitute for appeal and does not allow the unhappy litigant to reargue the case"). Nor should parties ask a court "to rethink what the court had already thought through—rightly or wrongly." *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).

Disagreement with an order is an insufficient basis for reconsideration under Rule 59. *Ariz. Dream Act Coal. v. Brewer*, 945 F. Supp. 2d 1049, 1078 (D. Ariz. 2013). Such disagreements should be dealt with in the normal appellate process. *See Ramsey v. Arizona*, 2006 WL 2711490, at *1 (D. Ariz. Sept. 21, 2006). Denial of a motion for reconsideration under Rule 59(e) will not be reversed absent a showing of abuse of discretion. *See Allstate Ins. Co.*, 634 F.3d at 1111. Thus, the moving party has a "high hurdle" in order to obtain post-judgment relief. *See Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001).

**III. Discussion**

To determine whether Plaintiff is entitled to post-judgment relief, the Court must decide whether it erred in entering partial judgment against Mr. Kerr and remanding the

remainder of his FBAR penalties to the IRS. Plaintiff argues its Motion for Reconsideration should be granted because the Court committed manifest errors of law in three ways: (1) it erroneously partitioned the IRS's Original Assessment and entered partial judgment with respect to "only a part of that agency action that was not severable[;]" (2) it "erroneously terminated the case when the claim alleged in the Complaint has not been fully adjudicated[;]" and (3) it "erroneously omitted from the entered judgment mandatory statutory interest and failure to pay penalties under 31 U.S.C. § 3717(e)(1)[.]" (Doc. 57 at 3). Thus, Plaintiff requests the Court vacate its judgment and termination of the case under Federal Rule of Civil Procedure 59(e), and remand all of Mr. Kerr's FBAR penalties to the IRS.

Mr. Kerr opposes Plaintiff's first two arguments. He asserts the Court did not err in its entry of partial judgment and partial remand because "the IRS's official assessment records (Forms 13448) specify that the FBAR penalties were assessed on a per-account, per-year basis." (Doc. 59 at 1). He also argues the Court properly terminated the case upon issuing judgment because the default rule under the APA is that a remand to an agency should be accompanied by vacatur. (*Id.* at 2). However, Mr. Kerr agrees with Plaintiff's last argument and stipulates to the inclusion of statutory interest and failure to pay penalties in an amended judgment. (*Id.*) The Court will address each of parties' arguments in turn.

**A.  Whether the Court should Remand to the IRS Entirely**

The Court will first decide whether it erroneously substituted its judgment for that of the IRS when it entered partial judgment for $240,985.00 in FBAR penalties against Mr. Kerr and remanded the remainder of the FBAR penalties to the IRS.

Plaintiff relies on the D.C. Circuit's severability analysis under the APA as the crux of their improper remand argument. It represents that Mr. Kerr's FBAR penalties were calculated on a yearly basis. (Doc. 57 at 6). Plaintiff further maintains that each yearly penalty is not severable on a per-account basis because each of the Five Accounts individually influenced the yearly penalty as a whole. (*Id.*) ("There were only two FBAR penalties, one for 2007 and one for 2008, that the Court was asked to review. The Court

appears to have mistakenly believed that there were separately assessed penalties for each account for each year that it was reviewing[.]"). When applying the D.C. Circuit's severability analysis, Plaintiff concludes that Mr. Kerr's penalty calculation was "intertwined and thus not severable." (Doc. 60 at 45 (citing *Epsilon Elec., Inc. v. United States Dep't of Treas. Off. of Foreign Assets Control*, 857 F.3d 913, 929 n.12 (D.C. Cir. 2017)). Under this view, Plaintiff reasons the Court "improperly substituted its judgment for that of the IRS" under the APA when partitioning the IRS's penalty assessment and entering partial judgment. (Doc. 57 at 4). Plaintiff also suggests a blanket rule that once the Court decided a remand to the IRS was necessary, it should have remanded all FBAR penalties irrespective of the manner the IRS calculated the penalties. (*Id*. at 5).

By contrast, Mr. Kerr represents "the FBAR penalties were assessed on a per-account, per-year basis as shown in the IRS's assessment records." (Doc. 59 at 5). He points to the IRS "Forms 13448 Penalty Assessment Certification (Title 31 'FBAR')" for support that each of the Five Account's yearly FBAR penalties were assessed independent of each other. (*Id*. at 4) (citing Doc. 46-7). Thus, Mr. Kerr concludes "[i]t was not clear error for the Court to enter judgment against [him] as it relates to three of the specified penalties (totaling $240,985.00) upon the Court's finding that the penalties were not arbitrary." (*Id*. at 5).

The Court notes that Plaintiff cites to non-binding D.C. Circuit case law as the basis for its improper remand argument. The Court is not obligated to follow these authorities. But as explained below, Mr. Kerr's FBAR penalties are severable even when applying the D.C. Circuit's severability analysis and so partial remand and judgment was proper. The Court further finds the mechanics of the IRS's Original Assessment supports Mr. Kerr's conclusion that his FBAR penalties were made on a per-account, per-year basis and therefore independent of each other. Thus, the Court did not err when it entered partial judgment against Mr. Kerr and remanded the remainder of the FBAR penalties to the IRS.

/ / /

/ / /

### 1. Mr. Kerr's Civil Penalties are Severable According to D.C. Circuit Case Law

The Court will first provide an overview of the D.C. Circuit's severability analysis. It will then explain how Plaintiff's analogy to *Epsilon Elec., Inc. v. United States Dep't of Treas. Off. of Foreign Assets Contro* is misplaced because Mr. Kerr's penalties are not intertwined. 857 F.3d 913 (D.C. Cir. 2017). The Court rather finds that Mr. Kerr's FBAR penalties are severable under *Davis Cnty. Solid Waste Mgmt. v. U.S. E.P.A*. 108 F.3d 1454 (D.C. Cir. 1997) and so remand to the IRS in its entirety is not required.

#### a. The D.C. Circuit's Severability Analysis

Neither the United States Supreme Court nor the Ninth Circuit have addressed the issue of whether an agency order of penalties is severable for the purpose of remand under the APA. Thus, Plaintiff points to a line of D.C. Circuit cases to urge the Court must conduct a "severability analysis" to determine whether partial remand to the IRS was proper "because forging ahead may improperly usurp an administrative function." (Doc. 60 at 3) (citing *Epsilon*, 857 F.3d at 929 n.12).

Under D.C. Circuit case law, whether an agency order is severable "depends on the issuing agency's intent. Where there is substantial doubt that the agency would have adopted the same disposition regarding the unchallenged portion if the challenged portion were subtracted, partial affirmance is improper." *Epsilon*, 857 F.3d at 929 (citing *North Carolina v. FERC*, 730 F.2d 790, 795-96 (D.C. Cir. 1984) ("Whether an administrative agency's order or regulation is severable, permitting a court to affirm it in part and reverse it in part, depends on the issuing agency's intent.").

An agency's penalty calculation should be remanded in its entirety when "segments of the penalty calculation are 'intertwined.'" *Id.* at 919 (quoting *Davis*, 108 F.3d at 1459. When segments of a penalty calculation "operate entirely independently of one another," they are not intertwined. *Davis.*, 108 F.3d at 1459. In those cases, severance of some agency standards "will not impair the function of [the other standards]" such that entire remand of an agency order is necessary. *Id*.

        **b.**    *Epsilon Elec., Inc. v. United States Dep't of Treas. Off. of Foreign Assets Control*

Plaintiff cites to *Epsilon* for the proposition that Mr. Kerr's FBAR penalties are not severable and so partial judgment is not possible. In *Epsilon*, the D.C. Circuit found that segments of an agency's penalty calculation were intertwined, and this required the court to remand a penalty in its entirety back to the agency for further consideration under the APA. There, the Office of Foreign Assets Control ("OFAC") issued $4,073,000.00 in civil penalties against the appellant with respect to thirty-nine of the appellant's foreign shipments. *Epsilon*, 857 F.3d at 917–918. The circuit court found the OFAC's penalty calculation was intertwined due to of the manner the OFAC applied aggravating factors to segments of the penalty. *Id*. at 929. The OFAC had first calculated a base penalty for each shipment violation and then decided to apply the same set of aggravating and mitigating factors to all thirty-nine shipment violations. *Id*.

However, in making its ruling, the circuit court removed the factual basis for applying one of the aggravating factors to five shipments. "This in turn call[ed] into question the penalty for *all* thirty-nine shipments, because this aggravating factor was applied to all of them." *Id*. The circuit court consequently had "'substantial doubt' that OFAC would have imposed the same penalty for the first thirty-four shipments in the absence of its liability finding for the last five shipments" and so remanded the entire penalty to the OFAC for reconsideration. *Id*.

Plaintiff reasons that Mr. Kerr's penalties are intertwined like those in *Epsilon*. (Doc. 60 at 4–5). But in the present case, the IRS found that none of the mitigation factors applied to Mr. Kerr's FBAR penalties. (Doc. 46-31 at 1385). Moreover, unlike in *Epsilon*, Plaintiff makes no mention of any aggravating factor that the IRS applied to all of Mr. Kerr's Five Accounts. In sum, Plaintiff offers no evidence that the FBAR penalties are intertwined like the OFAC penalties in *Epsilon*. The Court is not convinced that *Epsilon* controls the present matter.

/ / /

### c.     *Davis Cty. Solid Waste Mgmt. v. EPA*

Instead, the Court finds that the IRS's calculation of Mr. Kerr's FBAR penalties are akin to the Environmental Protection Agency's ("EPA") calculation of emission standards in *Davis*. There, the D.C. Circuit considered an order by the EPA that set emission standards for municipal waste combustor ("MWC") units of various sizes. Certain emissions limits apply to an MWC unit depending on the unit's capacity. *Davis*, 108 F.3d at 1456. Thus, the D.C. Circuit partially remanded the order to the EPA as to the small units only because "[i]t [was] clear that the EPA would have adopted the standards for large MWC units even without the standards for small MWC units[.]" *Id*. at 1459. It further found the "standards for large and small MWC units [were] not in any way 'intertwined,'" "they operate entirely independently of one another[,]" and they "must [] be separately determined[.]" *Davis*, 108 F.3d at 1459.

Similarly here, Mr. Kerr's FBAR penalties operate independently of one another and must be separately determined. The civil penalty for willfully failing to file an FBAR is based on the value of each account on the day of the FBAR filing deadline. 31 U.S.C. § 5321(a)(5)(C)(i). If the account balance at that time exceeds $200,000.00, then the maximum penalty the IRS may assess is half of the account's total balance. *Id.* If the balance is less than $200,000, then the maximum penalty the IRS may impose is $100,000.00. *Id.* Indeed, the balance of one bank account on the FBAR filing deadline has no influence on the value of another. Thus, under *Davis*, the FBAR penalties for each of Mr. Kerr's Five Accounts are in no way intertwined.

*Epsilon* and *Davis* both show that Mr. Kerr's FBAR penalties are severable under the D.C. Circuit's severability analysis. This means the Court was not required to entirely remand the penalties to the IRS. Therefore, Plaintiff cannot rely on the D.C. Circuit's severability analysis to assert that the Court committed manifest errors of law that warrants alteration of its prior judgment. *Allstate Ins. Co.*, 634 F.3d at 1111 (citing Fed. R. Civ. P. 59(e)).

/ / /

### 2. Mr. Kerr's Civil Penalties are Severable According the Mechanics of the IRS's Original Assessment

Upon review of the mechanics of the IRS's Original Assessment, the Court further agrees with Mr. Kerr that his civil penalties were made on a per-account, per-year basis. Plaintiff itself summarized the process in which the IRS carried out its Original Assessment:

> The IRS calculated a total penalty amount for 2007 and for 2008 comprised of a proposed amount *for each of Kerr's Swiss account for each year*. For purposes of calculating *each penalty*, the IRS exercised its discretion and determined that no mitigation applied because Kerr had been criminally convicted. ([Doc. 46-31 at 16]). The IRS then determined the amount of the penalty using the balances reflected in the [] bank statements [of the Five Accounts] that were admitted as exhibits in [Mr.] Kerr's criminal trial. The IRS documented its findings from these records and the penalty calculations on IRS Form 886-A. (*Id*. at [12–14; 16–17].) With respect to the Placeholder Account, the IRS proposed an amount of $40,985, which was half the balance of the account on February 14, 2007. (*Id*. at [17].) For the other four accounts, the IRS proposed amounts equal to the statutory maximum. (*Id*. at [16–17.])
>
> The statutory maximum of the willful penalty for each year, and thus the correct penalty amount, was in turn *tied to the balance of each Swiss account* on the FBAR filing deadline—i.e., June 30, 2008 for 2007, and June 30, 2009 for 2008. If the balance in the account was less than $200,000 USD on the filing deadline, then the statutory maximum penalty defaulted to $100,000. 31 U.S.C. § 5321(a)(5)(C)(i). But if the balance was over $200,000 USD on that date, then the statutory maximum increased to half the balance in the account. *Id.*

(Doc. 46 at 12) (emphasis added). Plaintiff's description above show Mr. Kerr's FBAR penalties operate independently of one another and were separately determined based on each of the Five Accounts' individual balances. *See also supra* Section III.A(1)(c). Moreover, Mr. Kerr's IRS Form 13448 further shows that five separate penalties were proposed for the 2007 reporting year, and four separate penalties were proposed for the 2008 reporting year. (Doc. 46-7).

Plaintiff's Corrected Assessment table further shows the penalties for each of the Five Account were calculated independently:

| Account | Reporting Year | Year-End Balance | IRS Original Assessment | Balance on the June 30 Filing Deadline | What the Assessment Would Have Been | Difference |
|---|---|---|---|---|---|---|
| Placeholder UBS (# -734) | 2007 | $81,970 | $40,985 | $0 | Same | $0 |
| | 2008 | N/A | N/A | N/A | N/A | N/A |
| UBS (# -962)[5] | 2007 | $756,235 | $378,117 | Unknown | Same | $0 |
| | 2008 | $126,058 | $100,000 | Unknown | Same | $0 |
| UBS (# -796)[6] | 2007 | $1,436,171 | $718,085 | $934,400 | $467,200 | ($250,885) |
| | 2008 | $160,488 | $100,000 | Unknown | Same | $0 |
| UBS (# -593)[7] | 2007 | $3,046,607 | $1,523,303 | $1,110,900 | $555,450 | ($967,853) |
| | 2008 | $971,195 | $485,597 | $0 | $100,000 | ($385,597) |
| Pictet & Cie (# -531)[8] | 2007 | $501,523 | $250,761 | $877,185 | $438,593 | $187,832 |
| | 2008 | $408,244 | $204,122 | $90,458 | $45,229 | ($158,893) |
| Total Difference | | | | | | ($1,575,396) |

(Doc. 46 at 14). For example, by noting "Same" under the column titled "What the Assessment Would Have Been," Plaintiff concedes that the four penalties the IRS correctly calculated did not have any effect on recalculating the remaining five incorrect penalties.

In sum, "Plaintiff has not shown that the Court's analysis was in clear error" under Sections 702 or 706 of the APA. *Ayer v. Ende*, 2016 WL 8999386 (D. Ariz. May 18, 2016). "Rather, Plaintiff simply disagrees with the Court's analysis. Such disagreement is properly addressed on appeal and not in a motion for reconsideration." *Id.* (quoting *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003)); *see also Ariz. Dream Act Coal*, 945 F. Supp. 2d at 1078; *see also See Ramsey*, 2006 WL 2711490, at *1. The Court will accordingly deny Plaintiff's Motion for Reconsideration on improper remand grounds.

**B.     Whether the Court Properly Terminated the Case**

Second, the Court must decide whether it erroneously terminated the case after entering partial judgment and partially remanding to the IRS. Plaintiff argues termination was improper because the Court's remand to the IRS necessarily meant that Plaintiff's "claim seeking a judgment for the yearly FBAR penalties is still a live claim." (Doc. 57 at 9). Mr. Kerr opposes and says the default rule for APA actions in the Ninth Circuit is that vacatur is to accompany a court's remand to an agency, which the Court correctly followed. (Doc. 59 at 6 (quoting 5 U.S.C. § 706(2)).

Plaintiff argues the case should not have been terminated because the remanded portion of the FBAR penalties have not been finally adjudicated. (Doc. 57 at 9). Plaintiff's only means of support for its argument is a general rule reiterated by a Florida district court case that examines its entry of default judgment. (*Id.* (citing *Metro. Life Ins. Co. v. Prewitt*, 2019 WL 7371837, at *1 (S.D. Fla. Sept. 9, 2019)). The Court is not bound by such decisions, nor does it find Plaintiff's reasoning persuasive. *See Pascua Yaqui Tribe v. United States Env't Prot. Agency*, 557 F. Supp. 3d 949 (D. Ariz. 2021), *appeal dismissed sub nom. Pasqua Yaqui Tribe v. U.S. Env't Prot. Agency*, 2022 WL 1259088 (9th Cir. Feb. 3, 2022) ("The [defendant-intervenors] cite[d] to out-of-circuit authority finding remand with vacatur inappropriate in the absence of a merits adjudication [], but the parties have not identified any Ninth Circuit case so holding."). The Court will turn to APA actions within the Ninth Circuit for guidance.

"Remand without vacatur is a remedy used sparingly in this circuit" under "limited circumstances." *Wood v. Burwell*, 837 F.3d 969 (9th Cir. 2016) (discussing an APA action) (citing *Pollinator Stewardship Council v. U.S. E.P.A.*, 806 F.3d 520, 532 (9th Cir. 2015). To decide whether to remand to an agency without vacatur, courts consider: "(1) how serious the agency's errors are and (2) the disruptive consequences of an interim change that may itself be changed." *Id.* (internal quotations omitted) (quoting *Cal. Cmts. Against Toxics v. EPA.*, 688 F.3d 989, 992 (9th Cir. 2012); *see also Pollinator*, 806 F.3d at 532. Vacatur is rather "the 'standard remedy' when a court concludes that an agency's conduct was illegal under the APA." *California by & through Becerra v. United States Dep't of the Interior*, 381 F. Supp. 3d 1153, 1178 (N.D. Cal. 2019) (citing *Pollinator*, 806 F.3d at 532).

Here, Plaintiff does not discuss either of the appropriate factors or set forth evidence that would support a remand to the IRS without vacatur. Thus, Plaintiff has not met its burden in showing the Court committed manifest errors of law when it terminated the case. *Allstate Ins. Co.*, 634 F.3d at 1111 (citing Fed. R. Civ. P. 59(e)). The Court further finds there is no reason to depart from the "standard remedy" of vacatur under the APA.

*California by & through Becerra*, 381 F. Supp. 3d at 1178. Accordingly, the Court will deny Plaintiff's Motion for Reconsideration on improper termination grounds.

### C. Whether the Court should Amend the Judgment to Include Statutory Interest and "Failure to Pay" Penalties

Last, the Court must decide whether it erroneously omitted interest and fees from the entered judgment. Plaintiff argues, and Mr. Kerr concedes, that the Court should have included mandatory statutory interest under 31 U.S.C. § 3717(a)[9], late payment penalties under 31 U.S.C. § 3717(e)(2)[10], and potential other collection fees under 31 U.S.C. § 3717(e)(1)[11] for Mr. Kerr's entered FBAR penalties.

The Court agrees with the parties that it was error to enter partial judgment absent the mandatory statutory interest, late payment, and potential other collection fees. These requests were indeed alleged in Plaintiff's Complaint (Doc. 1 at 10 ¶ 45) and its Second Motion for Summary Judgment. (Doc. 46 at 20). To correct this error, the Court will strike the Clerk of Court's March 29, 2022, judgment and enter an amended judgment that includes mandatory statutory interest, late payment, and potential other collection fees in the partial judgment against Mr. Kerr. *See e.g., Stuart v. City of Scottsdale*, 2022 WL 16715612 (D. Ariz. Nov. 4, 2022) (granting a motion to amend judgment under 59(e) when this Court agreed it made an error and found cause to correct the error). Because the parties agree to include these additional costs in the amended judgment, the parties may either stipulate to the appropriate amounts or file supplemental briefs to layout their calculations

---

[9] "The head of an executive, judicial, or legislative agency shall charge a minimum annual rate of interest on an outstanding debt on a United States Government claim owed by a person that is equal to the average investment rate for the Treasury tax and loan accounts for the 12-month period ending on September 30 of each year, rounded to the nearest whole percentage point." 31 U.S.C. § 3717(a)(1).

[10] "The head of an executive, judicial, or legislative agency shall assess on a claim owed by a person [] a penalty charge of not more than 6 percent a year for failure to pay a part of a debt more than 90 days past due." 31 U.S.C. § 3717(e)(2).

[11] "The head of an executive, judicial, or legislative agency shall assess on a claim owed by a person [] a charge to cover the cost of processing and handling a delinquent claim." 31 U.S.C. § 3717(e)(1).

according to the 31 U.S.C. § 3717(a); 31 U.S.C. § 3717(e)(2); and 31 U.S.C. § 3717(e)(1). The Court will defer on entering an amended judgment until it considers the parties' calculations.

## IV. Conclusion

The Court will grant in part and deny in part Plaintiff's Motion for Reconsideration. The Court erred in omitting the following amounts from its entry of partial judgment: (1) mandatory statutory interest under 31 U.S.C. § 3717(a); (2) late payment penalties under 31 U.S.C. § 3717(e)(2); and (3) potential other collection fees under 31 U.S.C. § 3717(e)(1). The Court did not err, however, in entering partial judgment against Mr. Kerr's for $240,985.00 in FBAR penalties, partially remanding the remainder of Mr. Kerr's FBAR penalties to the IRS, or its subsequent termination of the case.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate Judgment and Remand Entire Penalty to the IRS (Doc. 57) filed by Plaintiff United States of America is **GRANTED** in part. The Court grants Plaintiff's Motion to include statutory interest, late payment penalties, and potential other collection fees in the partial judgment for $240,985.00 against Defendant Stephen Kerr. Within **fourteen (14) days** of this Order, the parties shall either stipulate to the appropriate amounts, or file supplemental briefs to layout their respective calculations for mandatory statutory interest under 31 U.S.C. § 3717(a); late payment penalties under 31 U.S.C. § 3717(e)(2); and potential other collection fees under 31 U.S.C. § 3717(e)(1). The remainder of Plaintiff's Motion to Vacate Judgment and Remand Entire Penalty to the IRS is **DENIED**.

**IT IS FINALLY ORDERED** that the Clerk of Court shall vacate the March 29, 2022, Judgment (Doc. 56).

Dated this 1st day of March, 2023.

Honorable Diane J. Humetewa
United States District Judge