**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CV-19-05432-PHX-DJH |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Stephen M Kerr, | |
| Defendant. | |

On May 30, 2023, the United States ("Plaintiff") appealed this matter to the United States Court of Appeals for the Ninth Circuit. (Doc. 66). Plaintiff has since filed a "Motion for Entry of Final Judgment After Remand or, in the Alternative, Motion for Indicative Ruling Under Federal Rule of Civil Procedure 62.1" (Doc. 68) ("Motion for Final Judgment").[1]  Plaintiff argues the Court should clarify its intended effect when terminating the case and "reopen [this matter] because the IRS has now completed its work on remand and, as a result, [Plaintiff's] claim for judgment on the penalties that were remanded can now be finally adjudicated." (*Id*. at 4). Rule 62.1[2] permits a district court to indicate its ruling on a motion for relief that is otherwise barred by a pending appeal. Fed. R. Civ. P. 62.1(a). For the following reasons, the Court indicates it would grant the Motion as to Plaintiff's requests for clarification and to reopen the case, but defer consideration of the Motion to the extent Plaintiff seeks entry of final judgment.

---

[1] The matter is fully briefed. (Docs. 71 (Mr. Kerr's Response); 73 Plaintiff's Reply))

[2] Unless where otherwise noted, all Rule references are to the Federal Rules of Civil Procedure.

## I. Procedural History[3]

In 2019, Plaintiff filed a "Complaint to Reduce Civil Penalty Assessments to Judgment" (Doc. 1) against Defendant Stephen Kerr ("Mr. Kerr") regarding nine Foreign Bank and Financial Accounts ("FBAR") penalties that the Internal Revenue Service ("IRS") had issued against Mr. Kerr. Plaintiff brought the action under 31 U.S.C. § 3711(g), which provides that "[i]f a nontax debt or claim owed to the United States has been delinquent for a period of 180 days[,] upon such transfer the Secretary of the Treasury shall take appropriate action to collect or terminate collection actions on the debt or claim" including "referral . . . to[] the Department of Justice for litigation." *Id*. §§ 3711(g)(1)(B), (g)(4)(C). Plaintiff sought to recover Mr. Kerr's unpaid balance owed on the FBAR penalties by "reduc[ing] those assessments to judgment." (Doc. 1 at 1).

Below is an overview of the Court's prior Orders to date:

### A. The March 2022 Order (Doc. 55)

In the March 2022 Order (Doc. 55), the Court concluded that Mr. Kerr was liable for the nine FBAR penalties at issue and that the penalties were not grossly disproportional to his conduct. (*Id*. at 4–6, 15–17). The Court further found the IRS correctly assessed some, but not all, of the FBAR penalties. (*Id*. at 6–14). Specifically, the Court ordered partial judgment on three penalties totaling $240,985[4] (the "Three Valid Penalties") and remanded six penalties back to the IRS under the Administrative Procedures Act ("APA"), 5 U.S.C. § 702, for further investigation or explanation (the "Six Remaining Penalties").[5] (*Id*. at 17–18). The Court also terminated this action because there was nothing further for

---

[3] The Court's prior Orders contain extensive background sections. (Docs. 26 at 1–4; 55 at 1–2; 62 at 2–5). The Court will only discuss the facts relevant to its determinations made in this Order.

[4] The Court entered partial judgment in favor of the United States and against Mr. Kerr for the following penalties: $100,000 for the -962 account for the 2008 reporting year; $100,000 for the -796 account for the 2008 reporting year; and $40,985 for the -734 account for the 2007 reporting year. (Doc. 55 at 17–18).

[5] The Court remanded to the IRS "for further investigation or explanation" the penalty assessments for the -962 account for the 2007 reporting year; the -796 account for the 2007 reporting year; the -593 account for the 2007 and 2008 reporting years; and the -531 account for the 2007 and 2008 reporting years. (Doc. 55 at 17).

review. (*Id*. at 18).

B.  **The March 2023 Order (Doc. 62)**

Plaintiff subsequently filed a "Motion to Vacate Judgment and Remand Entire Penalty to the IRS", which the Court construed as a motion for reconsideration of the March 2022 Order under Rule 59 (Doc. 57) (Plaintiff's "Motion for Reconsideration"). Plaintiff argued the Court committed manifest errors of law in three ways: (1) it erroneously partitioned the IRS's original assessment of penalties entered partial judgment with respect to "only a part of that agency action that was not severable[;]" (2) it "erroneously terminated the case when the claim alleged in the Complaint has not been fully adjudicated[;]" and (3) it "erroneously omitted from the entered judgment mandatory statutory interest and failure to pay penalties under 31 U.S.C. § 3717(e)(1)[.]" (*Id*. at 3).

In the March 2023 Order (Doc. 62), the Court granted Plaintiff's Motion for Reconsideration in part and denied it in part. First, the Court concluded it did not err when it entered partial judgment against Mr. Kerr on the Three Valid Penalties and remanded the Six Remaining Penalties to the IRS because Mr. Kerr's FBAR penalties were severable on a per-account, per-year basis and therefore independent of each other. (*Id*. at 7–13). Second, the Court concluded it did not err when terminating the case in light of the default rule that vacatur is to accompany a court's remand to an agency under the APA. (*Id*. at 13–15). Last, the Court found it should have included interest and fees in the partial judgment. (*Id*. at 15–16).[6]

C.  **The April 2023 Order and Judgment (Docs. 64; 65)**

In accordance with the March 2023 Order, the parties stipulated to the interest, penalties, collection and costs that Mr. Kerr should pay in connection with the Court's partial judgment entered on the Three Valid Penalties. (Doc. 63). In its April 2023 Order (Doc. 64), the Court adopted the parties' stipulations; ordered partial judgment on the Three Valid Penalties; ordered remand of the Six Remaining Penalties to the IRS for further investigation and explanation; and terminated this matter. That same day, the Clerk of

---

[6] In so doing, the Court vacated the March 29, 2022 Judgment (Doc. 56). (Doc. 62 at 16).

Court entered judgment accordingly (Doc. 65) (the "April 2023 Judgment").

### D. Plaintiff's Appeal

On May 20, 2023, Plaintiff appealed the April 2023 Judgment and April 2023 Order to the Ninth Circuit. (Doc. 66).

On August 7, 2023, Plaintiff filed this Motion for Final Judgment (Doc. 68). Therein, Plaintiff represents the IRS has completed its work on remand and "requests that the Court reopen this case and enter a final judgment that includes the amount of the partial judgment, plus the amount of the remanded FBAR penalties and accruals which total $2,660,749.07, calculated as of August 4, 2023, plus pre- and post- judgment accruals from that date until paid in full." (*Id.* at 2).

On October 18, 2023, the Ninth Circuit entered an Order staying all appellate proceedings pending this Court's resolution of Plaintiff's Motion for Final Judgment. (Doc. 74).

## II. Rule 62.1 Standards

A notice of appeal generally divests the district court of jurisdiction over the matters being appealed. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance" because "it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). However, when a timely motion is made for relief that the district court lacks authority to grant because of a pending appeal, Rule 62.1 permits the district court to (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). "In considering these options, the district court is free to consider new evidence at its discretion." *NewGen, Ltd. Liab. Co. v. Safe Cig, Ltd. Liab. Co.*, 840 F.3d 606, 612 n.1 (9th Cir. 2016). If the district court states that it would grant the motion, then the movant "must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1." Fed. R. Civ. P. 62.1(b). The circuit court of appeals may, in its discretion, then remand the case

for further proceedings and either retain jurisdiction or dismiss the appeal. Fed. R. App. P. 12.1(b).

Here, Plaintiff concedes that the Court presently lacks authority to grant the relief Plaintiff seeks in its Motion for Final Judgment given its pending appeal of the April 2023 Judgment and April 2023 Order to the Ninth Circuit (*see* Doc. 66). (Doc. 68 at 4). Thus, Plaintiff requests that the Court issue an "indicative ruling" under Rule 62.1 that it would grant the Motion if the Ninth Circuit remands for that purpose. (*Id*.) The Court will proceed to consider Plaintiff's Motion under the Rule 62.1 procedure and the Ninth's Circuits directive (Doc. 74).

**III. Discussion**

At issue in Plaintiff's Motion is whether the Court should reopen this case to enter final judgment on the Six Remaining Penalties that were remanded to the IRS. The Court construes Plaintiff's Motion to seek three means of relief. First, Plaintiff asks the Court to clarify that its prior Orders terminating the case did not constitute vacatur of the Six Remaining Penalties. (Doc. 68 at 3–4, 12–13). Second, Plaintiff requests the Court to reopen the case in light of the IRS's completed work on remand. (*Id*.) Third, Plaintiff pursues post-remand summary judgment on the Six Remaining Penalties based on the IRS's recalculations. (*Id*. at 5–12). The Court will address each requested form of relief.

**A.  The Court Would Grant Plaintiff's Request for Clarification that the Remanded FBAR Penalties were not Vacated Upon Case Termination**

Plaintiff first asks the Court to clarify its intent when terminating this case:[7]

> So did the Court's termination of the case reflect a substantive determination of finality and a decision to preemptively prohibit the United States from returning to this Court to obtain judgment for the recalculated willful FBAR penalties after correction on remand? Or did the Court take no position on those issues and order the Clerk to terminate the case merely as a matter of docket management or for some other reason short of barring the courtroom

---

[7] The Court notes Mr. Kerr's efforts to defend against Plaintiff's request for clarification as one arising under Rule 60(b). (*See* Doc. 71 at 8–12). But even when construing Plaintiff's request as one for relief under Rule 60(b), the Court reaches the same conclusion.

- 5 -

door to any post-remand proceedings?  Mr. Kerr believes the former and [Plaintiff] the latter[.]

(*Id*. at 4).  Mr. Kerr contends the Court's prior Orders effectively vacated the Six Remaining Penalties and remanded them to the IRS for further investigation or explanation. (Doc. 71 at 3 (citing Doc. 55 at 7–14, 17)).  In his view, "the Court [] did not simply remand or dispose only parts of the Plaintiff's claim with the expectation that the agency would return with findings or conclusions necessary to justify and finally adjudicate the rest of the claim." (*Id*. at 4).  Plaintiff's position best summarizes the Court's intent.

To start, nowhere in its Prior Orders did the Court vacate the Six Remaining Penalties.  The Court found that Mr. Kerr is liable for all nine FBAR penalties issued against him by the IRS (Doc. 55 at 4–6, 15–17); entered partial judgment on three of the nine penalties (Docs. 55 at 17–18; 64); remanded six of the nine penalties for the IRS's further investigation and explanation (Docs. 55 at 6–14; 62 at 7–13 (affirming on reconsideration)); and terminated the case on the basis that there was "nothing further" to review pending remand.  (Docs. 55 at 18; 64 at 3).  Mr. Kerr's position is that the Court's termination of the case was equivalent to vacatur of the Six Remaining Penalties.  Not so. The Court's termination of the case meant to function as an administrative closure to relinquish jurisdiction to the IRS pending remand.

The parties express confusion over why the March 2023 Order discussed the APA's vacatur analysis when affirming termination of the case.  (*See* Doc. 62 at 13–15).  The reason is clear.  Mr. Kerr had argued that "[a] court's decision to retain jurisdiction during remand is *akin* to remand to an agency without vacatur and *involves the same analysis*." (Doc. 59 at 6 (citing *Wood v. Burwell*, 837 F.3d 969, 976 (9th Cir. 2016)) (emphasis added).[8]  Indeed, remand without vacatur in this context equates to a court's retention of jurisdiction, while remand with vacatur equates to a court's relinquishment of jurisdiction.

---

[8] Mr. Kerr argued so his in Response to Plaintiff's Motion for Reconsideration (*see* Doc. 59 at 6) and again in his Response to Plaintiff's Motion for Final Judgment (*see* Doc. 71 at 11).

- 6 -

*Cf. Wood*, 837 F.3d at 976 (explaining that the district court "retained jurisdiction during the remand" of an agency decision when the district court remanded without vacatur). Because case termination and remand with vacatur similarly result in surrender of jurisdiction, the Court was persuaded by Mr. Kerr's position that Plaintiff should be held to the same requirements under the remand without vacatur standard to show the Court committed clear error when terminating the case. In light of the APA's standard remedy that vacatur is to accompany remand to an agency—*i.e.*, relinquishment of jurisdiction— the Court reasoned it did not "commit[] manifest errors of law when it terminated the case" pending remand. (Doc. 62 at 14).

In hindsight, the Court acknowledges the March 2023 Order could have provided a more transparent analysis. Although the March 2023 Order compared the jurisdictional implications of vacatur upon remand to an agency with termination of a case pending remand to an agency, it did not mean to conflate the adjudicatory consequences. To be more clear, the Court terminated the case as a means of administrative closure pending remand; it did not, under any circumstances, vacate the Six Remaining Penalties.[9] The Northern District of California has employed a similar approach that illustrates this Court's intent. In *United States v. Hughes*, the United States brought an action to enforce FBAR penalties against the defendant due to his failure to timely pay. No. 18-CV-05931-JCS, 2022 WL 911721, at *1 (N.D. Cal. Mar. 29, 2022), ECF No. 171. Upon concluding that the IRS abused its discretion when calculating certain FBAR penalties against the defendant, the California district court remanded the FBAR penalties to the IRS for recalculation and closed the case. *Id*. at *9. Notably, the California district court closed the case without vacating the remanded penalties, *see id.*, and reopened the case upon the IRS's completed recalculations on remand. *See Hughes*, No. 18-CV-05931-JCS, (N.D. Cal. Mar. 6, 2023), ECF No. 179.

---

[9] The Court would have included express ordering language if it meant to do so. In any event, the March 2023 Order affirming termination of the case is consistent with the April 2023 Judgment entering partial judgment, *remanding the Six Remaining Penalties "for further investigation or explanation"*, and closing the case. (*Compare* Doc. 62 *with* Doc. 64) (emphasis added).

- 7 -

To summarize, the Court indicatively rules that it would grant the Plaintiff's Motion for Final Judgment to the extent Plaintiff seeks clarification that the Court's prior Orders did not vacate the Six Remaining Penalties upon remand.

## B.   The Court Would Grant Plaintiff's Request to Reopen the Case

Plaintiff next requests the Court to reopen the case in light of the IRS's completed recalculations on remand.   For support, Plaintiff invokes Ninth Circuit precedent establishing that "remand orders are generally not final because they leave more for the court to do after remand is complete."  (Doc. 68 at 3 (citing *Shapiro v. Paradise Valley Unified School Dist. No. 69*, 152 F.3d 1159, 1161 (9th Cir. 1998) and *Chugach Alaska Corp. v. Lujan*, 915 F.3d 454, 457 (9th Cir. 1990)). Mr. Kerr argues the case should remain closed because the IRS's recalculation on remand results in the issuance of entirely new FBAR penalties that runs afoul of (1) the 6-year statutory period for the IRS to assess FBAR penalties; and (2) the 2-year statutory period for the Plaintiff to seek enforcement of assessed FBAR penalties.  (Doc. 71 at 5 (citing 31 U.S.C. § 5321(b)).

The Court has already settled *supra* that it did not vacate the Six Remaining Penalties upon remand, and so Mr. Kerr's contention that the remand calculations result in newly assessed, statutorily time-barred penalties is meritless.  Indeed, it is undisputed that the IRS timely assessed the nine FBAR penalties for which Mr. Kerr is liable. (*See generally* Doc. 55).  The remand that the Court ordered was "not for the IRS to issue new penalties, but for it to recalculate the penalties it has already assessed." *United States v. Schwarzbaum*, 24 F.4th 1355, 1367 (11th Cir. 2022) (rejecting the defendant's argument that the IRS could be time-barred from re-evaluating its original actions issuing FBAR penalties); *see also Jones v. United States*, 2020 WL 2803353, *8 (C.D. Cal. May 11, 2020) ("If the Court remands to the IRS this would not be a new assessment of penalties, but rather a recalculation of the initial penalty based upon an upheld finding of willfulness.").

Furthermore, Plaintiff's point is well taken that orders remanding to agencies are generally not final.  *See Shapiro v. Paradise Valley Unified School Dist. No. 69*, 152 F.3d

1159, 1161 (9th Cir. 1998) ("Until the administrative proceedings [on remand] are completed, the district court will not have before it all the issues that are necessary for it to render a final judgment."). Mr. Kerr indeed concedes as much. (Doc. 71 at 4). Because there has been a final recalculation of penalties by the IRS on remand, the IRS's decision is now subject to further judicial review. The Court will thus reopen the case, as Plaintiff's action for judgment against Mr. Kerr under 31 U.S.C. § 3711(g) on the Six Remaining Penalties is now ripe. (*See* Doc. 1 at ¶¶ 11–12, 23–26). *Hughes*, No. 18-CV-05931-JCS, (N.D. Cal. Mar. 6, 2023), ECF Nos. 179, 186 (reopening the case after the IRS revised its calculation of the defendant's FBAR penalties on remand and setting a briefing scheduling for Plaintiff's motion for judgment on the recalculated penalties).

Therefore, the Court indicatively rules that it would grant Plaintiff's Motion for Final Judgment to the extent Plaintiff seeks to reopen the case and litigate its Section 3711(g)[10] claims on the Six Remaining Penalties.

### C. The Court Would Defer Consideration of Plaintiff's Request for Judgment on the Six Remaining Penalties

Last, Plaintiff seeks final judgment on the Six Remaining Penalties, arguing the IRS's recalculations were done in accordance with its internal guidelines and are neither arbitrary nor capricious. (Doc. 68 at 5–9). Mr. Kerr construes Plaintiff's request as a motion for summary judgment under Rule 56 (*see* Doc. 71 at 12–13), to which Plaintiff agrees (*see* Doc. 73 at 7 ("[T]he Court should construe our motion as a post-remand motion for summary judgment under Rule 56.")). Mr. Kerr contends Plaintiff's request is improper because he "has a due process right to conduct discovery into and challenge the reasonableness and methods underlying the IRS's calculations." (Doc. 71 at 6). He raises evidentiary objections in that Plaintiff "has yet to make any disclosure related to the new calculation or claims, except to identify its reliance on new 'current' policies and the involvement of three new IRS personnel–all of which [] warrant discovery and

---

[10] Unless where otherwise noted, all Section references are to Title 31 of the United States Code.

investigation." (*Id.*)  Mr. Kerr essentially asserts he cannot present facts essential to justify his opposition to Plaintiff's Motion for Final Judgment.  (*Id.* at 14).

At minimum, the Court finds that Plaintiff's request for final judgment raises a substantial issue under Rule 62.1.  Fed. R. Civ. P. 62.1(a)(3).  Moreover, Mr. Kerr's discovery concerns are well taken.  Summary judgment is only appropriate "after adequate time for discovery." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1103 (9th Cir. 2000); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Rule 56(d) provides that if a nonmovant shows it cannot present facts essential to justify its opposition of a motion for summary judgment, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.  Fed. R. Civ. P. 56(d).  Mr. Kerr, as the nonmovant, must show "(1) [he] has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Inteliclear, LLC v. ETC Glob. Holdings, Inc*., 978 F.3d 653, 661–662 (9th Cir. 2020).

In light of Mr. Kerr's representations that he has not had the same benefit of discovery on the IRS's recalculations that he had when opposing the IRS's initial calculations of Six Remaining Penalties (Docs. 71 at 14; 71-1; 71-2; 71-3; 71-4; 71-5), the Court indicatively rules that it would defer consideration of Plaintiff's request for judgment on the Six Remaining Penalties. *See Russell Rd. Food & Bev., LLC v. Galam*, 2013 WL 2949615, at *4 (D. Nev. June 13, 2013) (declining to make any statement as to whether it would grant the defendants' motion or not under Rule 62.1 because the motion raised evidence not previously before the court).  Indeed, Plaintiff's request for final judgment calls for a further examination on a more fully developed record. *See e.g.*, *Franklin Energy Storage One, LLC v. Kjellander*, 2020 WL 2151854, at *3 (D. Idaho May 5, 2020) ("The district court is not bound to grant [a] motion [under Rule 62.1] after stating that it raises a substantial issue." (citing Fed. R. Civ. P. 62.1 advisory committee's note to 2009 amendment)); *see also e.g.*, *In re Zoom Video Commc'ns, Inc. Priv. Litig.*, 2022 WL

- 10 -

16861661 (N.D. Cal. Nov. 11, 2022) (granting certain relief but deferring consideration on other relief under Rule 62.1).  The Court will defer any such ruling until it determines how to best proceed under this unique procedural posture and better understands the extent of discovery currently available to Mr. Kerr on the IRS's recalculations on remand.

**IV.  Conclusion**

Should the Ninth Circuit remand the pending appeal, the Court would make the following indicative rulings: First, the Court would grant Plaintiff's request for clarification of the prior Orders.  *See* Fed. R. Civ. P. 62.1(a)(3).  The Court, after ordering partial judgment on the Three Valid Penalties, terminated the case as means of administrative closure pending remand of the Six Remaining Penalties.  It did not, under any circumstances, vacate the Six Remaining Penalties.  Second, the Court would reopen the case to consider Plaintiff's Section 3711(g) claim for judgment against Mr. Kerr on the Six Remaining Penalties.  *See id*.  Last, Plaintiff's request for final judgment on the Six Remaining Penalties raises a substantial issue, and the Court would defer consideration of this request until it confirms that Mr. Kerr has had an opportunity to obtain adequate discovery under Rule 56(d) on the IRS's recalculations.  *See id*. 62.1(a)(1), (3).

Accordingly,

**IT IS ORDERED** that the United States' "Motion for Entry of Final Judgment After Remand or, in the Alternative, Motion for Indicative Ruling Under Federal Rule of Civil Procedure 62.1" (Doc. 68) is **GRANTED**.

**IT IS FURTHER ORDERED** issuing an indicative ruling under Federal Rule of Civil Procedure 62.1(a)(3) that the Court would **grant** the United States' Motion to the extent it seeks clarification that the Court's prior Orders terminated this case as a means of administrative closure pending remand of the Six Remaining Penalties to the IRS, and did not vacate the Six Remaining Penalties upon remand.

**IT IS FURTHER ORDERED** issuing an indicative ruling under Federal Rule of Civil Procedure 62.1(a)(3) that the Court would **grant** the United States' Motion to the extent it seeks to reopen the case to consider Plaintiff's 31 U.S.C. § 3711(g) claim for

judgment against Mr. Kerr on the Six Remaining Penalties.

**IT IS FURTHER ORDERED** issuing an indicative ruling under Federal Rule of Civil Procedure 62.1(a)(1) that the Court would **defer consideration** of the United States' Motion to the extent it seeks final judgment on the Six Remaining Penalties that were remanded to the IRS.

**IT IS FURTHER ORDERED** issuing an indicative statement under Federal Rule of Civil Procedure 62.1(a)(3) that the United States' Motion **raises a substantial issue**.

**IT IS FINALLY ORDERED** that pursuant to Federal Rule of Civil Procedure 62.1(b), the United States shall promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 of the Court's decision.

Dated this 23rd day of February, 2024.

Honorable Diane J. Humetewa
United States District Judge