1   **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                     **FOR THE DISTRICT OF ARIZONA**

8

9   United States of America,                    No. CV-19-05432-PHX-DJH

10              Plaintiff,                        **ORDER**

11  v.

12  Stephen M Defendant,

13              Defendant.

14

15        Before the Court is Plaintiff United States of America's ("Plaintiff") Motion to

16  Correct Order and Judgment under Federal Rule of Civil Procedure 60(a).   (Doc. 88).

17  The Court ordered Defendant Stephen M. Kerr ("Defendant") to file a response or notice

18  of non-opposition to Plaintiff's Motion to Correct on March 17, 2025.  (Doc. 89).  On

19  March 20, 2025, Defendant filed a Notice of Non-Opposition to the Plaintiff's Motion.

20  (Doc. 90).

21        The Court had previously reopened the case and entered final judgment after

22  remand in favor of the Plaintiff.  (Doc. 86).  The Court awarded the Plaintiff $634,828.34

23  in penalties under 31 U.S.C. § 3717(e)(2), along with other penalties against the

24  Defendant.  (Doc. 86 at 13).  Now, Plaintiff's Motion states that this amount should have

25  been $643,828.34.  (Doc. 88 at 2). Plaintiff requests that the Court correct its clerical

26  error, as it is authorized to do under Federal Rule of Civil Procedure 60(a).  (*Id.* at 1).

27  The Court agrees with Plaintiff that this amount was a transcription error and the proper

28  amount to be awarded is $643,828.34.

1    Under 60(a), a court "may correct a clerical mistake or a mistake arising from

2    oversight or omission whenever one is found in a judgment, order, or other part of the

3    record." *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987).   In determining

4    whether a mistake may be corrected under Rule 60(a), the focus is on what the court

5    "originally intended" to do.   *Id.*  "A district court judge may properly invoke Rule 60(a)

6    to make a judgment reflect the actual intentions and necessary implications of the court's

7    decision." *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1445 (9th Cir. 1990) (citing

8    *Blanton*, 813 F.2d at 1577).   Accordingly, "[e]rrors correctable under Rule 60(a) include

9    those where what is written or recorded is not what the court intended to write or

10   record[,]" regardless if the error "is made by a clerk or by the judge."  *Blanton*, 813 F.2d

11   at 1577.

12   Here, the Court made a clerical error when it recorded the amount of penalties

13   under 31 U.S.C. § 3717(e)(2) as $634,828.34 instead of $643,828.34. The Court's intent

14   was to write the correct amount of $643,828.34.  As the Plaintiff notes in its Motion,

15   "[T]he 3 and 4 numbers were inadvertently transposed as part of a clerical mistake."

16   (Doc. 88 at 2).  This error is properly correctable under Federal Rule of Civil Procedure

17   60(a) because "it is not what the court intended to write or record." *Blanton*, 813 F.2d at

18   1577.

19   Accordingly,

20   **IT IS ORDERED** that Plaintiff's Motion to Correct Order and Judgment

21   (Doc. 88) is **GRANTED**.

22   **IT IS FURTHER ORDERED** that the Court's Order (Doc. 86) directing the

23   Clerk of Court to enter Judgment in favor of Plaintiff and against Defendant and the

24   subsequent Clerk's Judgment (Doc. 87), shall be **AMENDED**.  The Clerk shall enter the

25   following Amended Judgment in favor of the Plaintiff and against Defendant Stephen

26   Kerr, after remand for willfully failing to file FBARs for the following:

27

| Account | Year | FBAR penalty |
|---|---|---|
| UBS - 962 | 2007 | $248, 373 |

28

| UBS - 796 | 2007 | $467, 200 |
|---|---|---|
| UBS - 593 | 2007 | $555,450 |
| Pictet & Cie - 531 | 2007 | $438.593 |
| UBS - 962 | 2008 | $100,000 |
| Pictet & Cie - 531 | 2008 | $100,000 |
| **Total** | | **$1,909,616** |

**IT IS FURTHER ORDERED** that in addition to these willful FBAR penalty amounts, the Defendant also owes pre-judgment interest under the following statutes and in the following amounts:

- Under 31 U.S.C. § 3717(a) totaling $107,304.72;

- Under 31 U.S.C. § 3717(e)(2) for failure to pay totaling $643,828.34, for a total amount due of $2,660,749.06, calculated as of August 4, 2023;

- Under 31 U.S.C. § 3717(a) for additional pre-judgment interest through the date (March 6, 2025) that judgment relating to these willful FBAR penalty amounts is entered;

- Under 29 U.S.C. § 1961 for post-judgment interest from the date judgment relating to these willful FBAR penalty is paid in full;

- Defendant further owes a continuing failure to pay penalty under 31 U.S.C. § 3717(e)(2) accruing after August 4, 2023, and until the judgment relating to these willful FBAR penalty amounts are paid in full;

- Under 31 U.S.C. § 3717(e)(1), for potential other collection fees accruing after August 4, 2023, until the judgment relating to these willful FBAR penalty amounts are paid in full.

Dated this 1st day of April, 2025.

Honorable Diane J. Humetewa
United States District Judge